STATE v. MARION BURKE.

*Assault and Battery—Evidence—Relevancy " Molliter Manus."*

1. Evidence to show that the brothers of a prosecuting witness were guilty of the same offence for which the defendant was then on trial should be rejected as irrelevant.

2. Where, according to the testimony of the witness most favorable to the defendant, he is guilty, it is not error to charge the jury that if they believe the testimony of any witness examined, the defendant is guilty.

3. An unarmed trespasser on one's premises must be requested to leave, and gentle means of removal must be employed, before a resort to blows.

INDICTMENT for an Assault and Battery, tried at July Special Term, 1879, of RANDOLPH Superior Court, before *Avery, J.*

The defendants, Marion Burke and Patsey Burke (his mother) were charged with an assault upon one Ed. P. Smith. From the judgment pronounced upon the verdict of guilty, they appealed to this court. The exceptions taken on the trial are sufficiently set out in the opinion.

*Attorney General,* for the State.

The defendants not represented in this court.

ASHE, J. There were several witnesses examined on the part of the state and the defendants. Ed. Smith, a witness examined on the part of the state, was asked by defendants' counsel, if he knew that his brothers had been indicted for the same offence as that for which the defendants were then indicted. Upon objection the evidence was excluded by His Honor because it was irrelevant. Their counsel then proposed to introduce the record of the indictment, trial and conviction of the brothers of the witness, but His Honor refused to admit the evidence upon the ground of its irrelevancy; and the ruling of the court upon both points was excepted to by defendants.

His Honor charged the jury that if they believed the testimony of any witnesses that had been examined, the defendants were both guilty. The charge was also excepted to by the defendants.

We are of opinion there was no error in the rulings on

the exclusion of the evidence, or in the charge to the jury. The indictment and conviction of the Smiths were not competent evidence for the Burkes, for it did not follow that because the Smiths were guilty, therefore the Burkes were not guilty. Their guilt or innocence depends entirely upon their conduct in connection with the transaction.

When a judge makes a charge like that in this case, the rule is to consider the testimony of that witness who gave the testimony the most favorable to the defendants. The testimony of Thomas Burke, who was the son of Patsy Burke, and the brother of the other defendant, was the most favorable to the defendants of any of the witnesses. He testified that Ed. Smith came into his father's yard about the same time, with several others. His mother told him three times to come no further, but Ed. walked on. The defendant, Marion, then pushed Ed. Smith, and his mother, Patsy Burke, struck him with a broom just as he pushed Marion back.

The violence used by the defendants to Ed. Smith, according to the evidence of this witness, was in excess of the force the law permits to be employed under such circumstances. After forbidding Smith to come into the yard, the defendants should have laid their hands gently upon him to remove him. They had no right, in the first instance, to push and strike him with a broom. They are both guilty. There is no error. Let this be certified.

PER CURIAM.                                        No error.