## THE STATE v. GEORGE W. DIXON.

*Fornication and Adultery—Evidence—Trial by Jury—Judge's Charge.*

1. Where a physician testified that the male defendant (Dixon), charged with fornication and adultery, employed him to attend the female defendant when sick, alleging that she was related to him, and paid charges; another witness testifies that on several nights, while she was sick, he saw the male defendant at her house, and more than once on the bed with her with his clothes on; a third witness, that, as a policeman, he put one C. out of her house at night at the instance of defendant Dixon, and saw Dixon go into the house soon after; said C. testified that, after he was put out of the house, he went several nights to her house and heard them, from the outside, undress and go to bed together, and that Dixon furnished her a house; and a fifth witness testified that he lived in sight of the woman's house, and that Dixon was in the habit of going to her house early in the night and leaving early in the morning: *Held,* that while the testimony, if believed as a whole, was abundantly sufficient to warrant the inference of guilt, it was error in the Court to instruct the jury that, if they believed the evidence, the defendants were guilty.

2. The evidence relied upon to establish the charge of fornication and adultery is usually circumstantial, and the weight to be given to every part of the testimony, and to the combination of facts found to be sufficiently proven, must be determined by the jury.

3. It was exclusively within the province of the jury to decide whether any, or all, of the witnesses examined were to be believed, and whether the testimony of any given witness was true as a whole, or only in part, and after finding what facts were fully proven, to say whether the facts so proven satisfied them beyond a reasonable doubt that the female defendant had habitually surrendered her person to the embraces of the male defendant within two years before the finding of bill of indictment or presentment was made.

4. Where the circumstances shown in evidence are inconclusive as a whole, the Court may declare as a matter of law that the defendant is not guilty, but where not *manifestly inconclusive* it is difficult to conceive of such a chain of circumstances as would warrant such instruction.

This was an INDICTMENT charging the defendant and Margaret Robbins with living in fornication and adultery, tried at BEAUFORT Superior Court, Spring Term, 1889, before *Boykin, J.*, the defendant Dixon alone being on trial.

Dr. Nicholson testified that he had attended the female defendant in her sickness three times; that the defendant Dixon employed and paid him for his services; that the first time he attended her Dixon stated, when he went after him, that the woman was kin to him, but never stated what the relation was and never referred to her as a relative afterwards; that the defendants both thought the woman pregnant on one occasion.

E. T. Stewart testified that he had frequently seen the defendants together on the streets at night, but never in the day-time; that on one occasion, at the instance of Dixon, he put one Sam Corson out of the house occupied by the woman, and shortly afterwards (this was late at night), the defendant Dixon went into the house; that the defendant Margaret was "a loose woman, or bore that name."

William Foy testified that he was at the woman's house on several occasions at night, when she was sick, and saw the defendant Dixon there at night, and several times in bed with the woman, but with his clothes on.

Daniel Kelley testified that he lived in sight of the woman's house, and that Dixon was in the habit of going to the woman's house very often early in the night and leaving very early next morning, about light.

Samuel Corson testified that for several nights prior to the finding of this bill of indictment, the defendant Dixon, after he (Corson) had been put out of the woman's house as aforesaid, went to the house nightly and slept with the woman; that he heard them undress and go to bed; the defendant Dixon furnished the woman a house to live in; that he

bought the house and put her in it about the time witness was ejected, as stated.

The Judge intimated to counsel for defendant Dixon, who only was on trial, that the only question to be discussed before the jury was as to the credibility of the witnesses for the State (the defendant having introduced none), and the defendant excepted. Exception overruled.

Counsel for defendant did argue the merits of the case fully to the jury. The Judge recapitulated the testimony to the jury in his charge, and told them if they believed the evidence, the defendant was guilty. The defendant excepted. Verdict of guilty, and from the judgment rendered the defendant appealed.

*The Attorney General*, for the State.
No counsel for the defendant.

AVERY, J.—after stating the case: This is not a case in which the Judge could, without peril to the rights of the defendant, tell the jury that if they believed the testimony he was guilty.

It often happens that though a number of persons may have witnessed a breach of the peace at successive stages, or from different standpoints, every one, when examined, testifies to a state of facts sufficient, if believed, to establish the guilt of one charged with an assault or an affray. In such cases, it is not erroneous to instruct the jury that if they believe the witnesses, or any of them—in any aspect of the case—the defendant is guilty. *State* v. *Burke*, 82 N. C., 551. And similar instructions might be given on the trial of persons charged with other offences and under different circumstances. *State* v. *Vines*, 93 N. C., 493; *State* v. *Elwood*, 73 N. C., 189.

But the evidence relied upon to establish the charge of fornication and adultery is usually circumstantial, and the weight to be given to every part of the testimony, and to the combination of facts found to be sufficiently proven, must be determined by the jury. In passing upon the issue the jury decide, first, what circumstances have been fully proven, and then whether all the circumstances so proven are inconsistent with the innocence of the defendant, or are such as leave the jury reasonably to infer that he is guilty. In *State* v. *Poteat* (which has long been considered a leading case on this subject), this Court sustained the Judge below in submitting to the jury the issue of guilt or innocence upon substantially the following evidence:

" Two witnesses went early in the morning to the house of the male defendant, knocked at the door and heard the voice of the female defendant refusing admittance, and then the voice of the male defendant telling her to open the door. When she came to the door her dress was unfastened, and they found the male defendant occupying a bed that was very much *tumbled*, and was the only bed in the room, and her shoes lying near the head of the bed. They had both seen her at the house before, but did not know where she lived. A third witness testified that she had lived at the house four or five years, and had been married to another man, who was now dead. The contention of the defendant was that there was not sufficient testimony to take the case to the jury."

Our case is not unlike that. It is true that one witness swore that he saw the male defendant in bed with his clothes on, when she was sick and was being treated by the physician, whom the male defendant had employed and paid, telling him that she was related to him (Dixon). Another witness was turned out of her house by a policeman, and both he and the policeman testify that they saw Dixon then go into the house late at night and leave early

in the morning. A witness listening on the outside thought he heard them go to bed together. How many of these witnesses, if any, did the jury discredit? Counsel might have contended that the manner of any of them was not such as should have won the confidence of the jury, or was such as to prove malice towards the parties and, though the jury may have believed that Dixon was on the bed with her, not undressed, during her sickness, if her counsel chose to insist to the jury that, according to his declarations, he was a kinsman, and among people accustomed to this mode of living such conduct was not considered a breach of modesty or propriety, he had a right to do so; and so the view might have been pressed before the jury that Dixon entered the house of his relative late at night to protect her from disturbance by the witness who was ejected from her house. The jury may have allowed very little weight to such arguments, may have thought them frivolous, but still the principle remains that they were the judges of the facts, and it was exclusively within their province to decide whether all of the witnesses examined, or none of them, are credible; whether the testimony of any given witness was true, as a whole, or only in part, and these inquiries were preliminary to the determination of the final question, upon which the guilt of the defendant depended, whether the facts found by the jury to be fully proven would warrant the reasonable inference that the female defendant had habitually surrendered her person to the embraces of the male defendant within two years before the bill of indictment was found, or presentment made, or whether the circumstances, so proven, were consistent with the reasonable hypothesis that there had not been such habitual carnal intercourse between them.

Direct proof of actual carnal intercourse is not necessary, and, where such lewd conduct is shown, it does not follow that the parties to it are guilty of fornication and adultery

unless the intercourse was habitual. *State* v. *Summers*, 98 N. C., 702; *State* v. *Eliason*, 91 N. C., 564.

There was abundant evidence to sustain a verdict of guilty if the jury believed it all, or if they discredited some portion of it only. The verdict of a jury, guaranteed to the citizen by section 13 of the Declaration of Rights, and section 413 of *The Code*, means necessarily their conclusion as to guilt or innocence, after rejecting every link that they deem insufficient in a chain of circumstantial evidence, and examining and testing for themselves the strength of those left as a whole. The jury should have been allowed, under proper instruction as to the law, to pass upon the credibility of the testimony, as well as its sufficiency, to fully satisfy them of the guilt of the defendant.

Where circumstances have been shown pregnant with suspicion, but still insufficient as a whole, if true, to warrant the inference of guilt, or clearly inconclusive as to guilt, the Court may declare, as law, that a defendant is not guilty of the offence. *State* v. *Waller*, 80 N. C., 401. But when the testimony in prosecutions for this offence is circumstantial, as it usually is, and not manifestly inconclusive, it is difficult to conceive of such a chain of testimony, if it is possible, as would make it the duty of the Court to give the instruction to which exception is taken in the case at bar.

There was error, for which a new trial must be granted.

Error.                                      *Venire de novo.*