STATE v. I. J. SPARROW, JR.

(Filed 2 May, 1956.)

**Criminal Law § 53f—**

The fact that the court necessarily takes more time in stating the contentions of the State than in stating those of defendant is not ground for objection. G.S. 1-180.

JOHNSON, J., not sitting.

APPEAL by defendant from *Grady, Emergency Judge,* January-February, 1956, Term, of WAYNE.

Defendant was tried on a bill of indictment charging that he feloniously received 21 cases of cigarettes of the value of $1,800.00, the property of Thompson-Stevens Wholesale Company, with knowledge that said cigarettes had been stolen. Upon the jury's verdict of guilty, judgment was pronounced imposing a prison sentence. Defendant excepted and appealed.

*Attorney-General Rodman and Assistant Attorney-General McGalliard for the State.*

*LaRoque & Allen and Edmundson & Edmundson for defendant, appellant.*

PER CURIAM. Defendant's only assignment of error is that the trial judge, in charging the jury, "failed to give equal stress to the contentions of the defendant as required by G.S. 1-180."

Careful study of the evidence and of the charge convinces us that the trial judge sufficiently and fairly reviewed the contentions of defendant. In relation to the facts in evidence, it was natural and reasonable that the review of the State's contentions should take somewhat longer than the review of defendant's contentions. The State's principal witnesses testified in detail as to their transactions with defendant. Defendant's evidence was that he did not know these men and had had no transactions with them. Hence, defendant offered no evidence in respect of the details of any of the transactions concerning which these witnesses had testified.

The assignment of error is without merit. Hence, the verdict and judgment must stand.

No error.

JOHNSON, J., not sitting.