STATE OF NORTH CAROLINA v. T. F. EVERS.

(Filed 28 February, 1968.)

**1. Criminal Law § 118—**
    A mere disparity in the length of time devoted by the trial court in stating the contentions of the parties is not prejudicial error where the charge as a whole fairly presents the contentions of the defendant.

**2. Criminal Law § 163—**
    An exception to the charge in its entirety is a broadside exception and cannot be sustained.

APPEAL by defendant from *Burgwyn, E.J.,* October 1967 Session, BLADEN Superior Court.

The defendant was charged in a valid bill of indictment with the felony of breaking and entering with intent to commit the crime of larceny, in violation of G.S. 14-54. Trial was by jury on the bill of indictment, and the jury returned a verdict of guilty of the felony as charged in the first count.

From a judgment of imprisonment the defendant appeals to the Court of Appeals.

*Attorney General T. W. Bruton and Deputy Attorney General Harry W. McGalliard, for the State.*
*Worth H. Hester for the defendant.*

MALLARD, C.J. Defendant, an indigent person, was represented at the trial in the Superior Court, and in this Court, by Worth H. Hester, his court-appointed attorney. Judge Edward B. Clark, Resident Judge of the Thirteenth Judicial District ordered Bladen County to supply a copy of the transcript of the trial as provided by law, and directed Worth H. Hester, his court-appointed attorney, to represent the defendant and prosecute his appeal, and ordered that the record on appeal and briefs be reproduced pursuant to the Rules of the Court of Appeals and the costs thereof to be paid as provided by law.

The defendant asserts as error that the trial judge did not give equal emphasis to the contentions of the defendant and to the State, and also assigns as error the entire charge of the court.

From a reading of the charge as a whole, it appears that the trial judge fairly reviewed the contentions of the defendant. We find the argument of the defendant that the trial judge did not give equal stress to his contentions is without merit and is overruled. Our Supreme Court has held many times that a mere disparity in the length of time devoted by a judge in stating contentions of parties does not constitute prejudicial error. *State v. Sparrow*, 244 N.C. 81, 92 S.E. 2d 448; *State v. Maynard*, 247 N.C. 462, 101 S.E. 2d 340.

We have reviewed the entire charge, and when considered as a whole, we find it to be free from prejudicial error.

The exception to the charge in its entirety is a broadside exception and cannot be sustained. *State v. Biggerstaff*, 226 N.C. 603, 39 S.E. 2d 619; *State v. Anderson*, 228 N.C. 720, 47 S.E. 2d 1; *State v. Dillard*, 223 N.C. 446, 27 S.E. 2d 85.

After a careful review of the entire record, we find that the defendant has had a fair trial, free from prejudicial error.

No error.

BROCK and BRITT, JJ., concur.