STATE OF NORTH CAROLINA v. WAYNE BRANDON

No. 7414SC567

(Filed 5 February 1975)

1. Criminal Law § 113— inaccurate recapitulation of evidence — no prejudicial error

While the trial court in a prosecution for assault with a deadly weapon with intent to kill was inaccurate in stating that codefendants

State v. Brandon

had testified that they had pled guilty to assault with a deadly weapon inflicting serious injury, defendant was not prejudiced since he introduced evidence of one codefendant's plea and did not object to introduction of evidence as to the other codefendant's plea.

2. **Criminal Law § 118— jury charge — more time devoted to State's contentions — no error**

Where defendant did not take the stand or present any other witnesses, but the State presented six witnesses, the trial court did not give more weight to the State's contentions by devoting different lengths of time to stating contentions of the State and defendant.

APPEAL by defendant from *Brewer, Judge,* 11 February 1974 Session of Superior Court held in DURHAM County.

Defendant was charged in a bill of indictment with assault with a deadly weapon with intent to kill inflicting serious bodily injury. He pled not guilty and the jury returned a verdict of guilty of assault with a deadly weapon inflicting serious bodily injury. From judgment imposing sentence of three years as a youthful offender, he appealed.

*Attorney General James H. Carson, Jr., by Assistant Attorney General Charles J. Murray, for the State.*

*William Alexander Graham III for the defendant appellant.*

BRITT, Judge.

[1]    All of defendant's assignments of error relate to the trial court's instructions to the jury. First, he contends that in recapitulating the testimony, the court stated that codefendants Webb and Riggins had each testified that he (Webb and Riggins) had pled guilty to assault with a deadly weapon inflicting serious injury when in fact Webb and Riggins had not so testified; and that in another portion of the charge, the court stated that Webb and Riggins and a third codefendant, Roberts, each had testified that he had pled guilty to assault with a deadly weapon inflicting serious injury when in fact they had not so testified.

The record reveals that defendant's counsel on appeal did not appear at trial and was not employed by defendant until after the record on appeal was filed in this court. After defendant's brief was filed, in which brief he raised the questions covered by this assignment, this court granted the Attorney General's motion to be allowed to file a second addendum to the record. That addendum discloses that Webb did plead guilty

to assault with a deadly weapon inflicting serious injury and that defendant appellant introduced the transcript of Webb's plea into evidence. The addendum also discloses that Riggins testified, without objection or motion to strike by defendant, that he had pled guilty. Webb, Riggins and Roberts were presented as witnesses for the State.

In 3 Strong, N. C. Index 2d Criminal Law § 113, at 15, we find: "Generally, an inadvertence in stating the contentions of the parties or in recapitulating the evidence must be called to the trial court's attention in time for correction. Thus, a slight inaccuracy in stating the evidence will not be held reversible error when the matter is not called to the court's attention in apt time to afford opportunity for correction."

While the trial court was inaccurate in stating that codefendants Webb and Roberts had testified that they had pled guilty to assault with a deadly weapon inflicting serious injury, we perceive no prejudice to defendant appellant. Certainly, testimony by Webb that he had pled guilty would have been no more detrimental to defendant than was the introduction of Webb's transcript of plea. Evidence of Webb's plea having been introduced by defendant, and evidence of Riggins' plea having been admitted without objection of defendant, we perceive no prejudice to defendant by the court's inaccurate statement that Roberts had testified that he had pled guilty. Neither of the inaccuracies was called to the attention of the judge in time for him to have corrected them.

[2]    Defendant next contends that the trial judge expressed an opinion in his instructions to the jury by giving more weight to the State's contentions than to defendant's contentions. This assignment has no merit. Defendant did not take the witness stand nor did he present any other witness; six witnesses were presented by the State. Applicable here is the following statement from *State v. Evers*, 1 N.C. App. 81, 82, 159 S.E. 2d 372 (1968): ". . . Our Supreme Court has held many times that a mere disparity in the length of time devoted by a judge in stating contentions of parties does not constitute prejudicial error. (Citations)." This rule particularly applies in cases where the number of witnesses presented by one side greatly exceeds the number presented by the other side.

We have considered defendant's other assignments relating to the charge but find them also to be without merit.

Defendant's appeal itself constitutes an exception to the judgment and presents the case for review for error appearing on the face of the record. *State v. Elliott,* 269 N.C. 683, 153 S.E. 2d 330 (1967). We have reviewed the record proper and find it to be free from prejudicial error.

No error.

Judges MORRIS and CLARK concur.