STATE v. W. A. ELIASON and another.

*Judge's Charge, exception to— New trial, discretion of Judge—Fornication and Adultery.*

1. While exceptions to a judge's charge may be taken at any time and need not be in writing (THE CODE, §412-3), yet the party complaining must make his exceptions and point out the alleged error.

2. This court will not look into the testimony to see if the jury found a defendant guilty without sufficient evidence. This is matter addressed to the discretion of the court below on motion for new trial.

3. In fornication and adultery, the law does not require direct proof of acts of criminal intercourse to warrant conviction; but it is sufficient to show facts and circumstances that will satisfy the jury of the existence of such intercourse.

(*State* v. *Cowan,* 7 Ired., 239; *State* v. *Gallimore,* Ib., 147; *State* v. *Poteet,* 8, Ired., 23, cited and approved.)

INDICTMENT for fornication and adultery tried at Fall Term, 1884, of IREDELL Superior Court, before *Gilmer, J.*

The case states that "the evidence was entirely circumstantial and no act of criminal intercourse was proven by direct testimony."

His Honor, among other things not objected to by the defendants, charged the jury "that this was an offence usually committed in secret, and for this reason perhaps the law does not require the state to prove actual acts of illicit intercourse; but that the state was required to lay before the jury facts and circumstances that would fully satisfy them that the adulterous intercourse charged existed between the parties," and upon a return of a verdict of guilty, the court pronounced judgment upon the defendant Eliason of six monts imprisonment and one hundred dollars fine. This was during the first week of the term, and the defendant asked the judge to defer the execution of the sentence

for a few days during the term, in order that he might attend to some necessary business. The judge assented, but required the defendant to enter into recognizance with security for his appearance from day to day during the term.

Afterwards, towards the end of the week when the case was again called, the defendant asked the court to reduce the term of imprisonment, which His Honor did, making it three months. Thereupon the defendant appealed, assigning as error the instruction to the jury as set out above.

*Attorney-General*, for the State.
No counsel for defendant.

ASHE, J. We are unable to see from the statement of the case, or from anything occurring upon the hearing of the case before us, what was the ground of the exception taken to the charge of the court. It was the rule before THE CODE effected a change in the practice (§ 412–3), for the defendant to state his exceptions in writing, before the case was finally submitted by the judge's charge to the jury. And the only change made by THE CODE is, that the exceptions need not be taken at the time or in writing, and may be taken at the hearing in this court. But even in that case, the defendant is not relieved from the necessity of making his exceptions and stating in them some error to his prejudice. *Terry* v. *Railroad ante* 236 ; and *State* v. *Cowan,* 7 Ired., 239, where it is held that a defendant, in his exceptions, must show some error to his prejudice, otherwise the court will not set aside the verdict of a jury.

The supreme court will not look into the testimony to ascertain if the jury found a defendant guilty without sufficient testimony. A motion for a new trial on this ground is addressed to the discretion of the judge below. *State* v. *Gallimore,* 7 Ired., 147.

In this case, the evidence offered by the state was entirely

circumstantial, and the law laid down by His Honor in his charge to the jury was directly applicable to such a case.

It has been held that on the trial of an indictment under the statute (former statute,) for fornication and adultery, "it is not necessary to show by direct proof the actual bedding and cohabiting: it is sufficient to show circumstances from which the jury may reasonably infer the guilt of the parties." *State* v. *Poteet*, 8 Ired., 23.

There is no error. Let this be certified to the superior court of Iredell county, that the case may be proceeded with to judgment.

No error. Affirmed.