THE STATE N. CHARLES CHANCY.

*Fornication and Adultery—Evidence—Former Acquittal.*

1. On the trial of an indictment for fornication and adultery, evidence was offered tending to prove that the male defendant, white, and the female defendant, colored, had several times been seen riding together in male defendant's vehicle ; that they frequently ate at the same table; that female defendant, who was a married woman, but who had left her husband, had given birth to two children after separating from her husband ; that the male defendant had been seen nursing and playing with them, and had his picture taken with theirs, and that the female defendant employed servants for both : *Held*, to be sufficient to be submitted to the jury, and warrant a conviction.

2. Former acquittal or conviction, to be available as a defence, must be specially pleaded.

3. Upon an issue of former acquittal or conviction, the record thereof is the best evidence, and must be produced, or its loss shown.

INDICTMENT, for fornication and adultery, tried before *McIver, J.,* at Fall Term, 1891, of BLADEN Superior Court.

There was a verdict of guilty, and from a judgment imposing a fine of five hundred dollars and costs on the male defendant, he appealed.

The other facts are sufficiently stated in the opinion.

*The Attorney General,* for the State.

No counsel for defendant.

SHEPHERD, J.: The duty which the law imposes upon the Judges of deciding whether there is *any* evidence to be submitted to the jury, is one of much delicacy and importance, and its proper performance is often attended with grave doubt and embarrassing difficulty.

The line which divides the province of the Court and jury in this respect is not easily defined, although several attempts

in that direction have been made by this Court. Thus, in *State* v. *Allen* (3 Jones, 257), it is intimated that a mere *scintilla* of evidence should be submitted to the jury, while in the case of *Wittkowsky* v. *Wasson*, 71 N. C., 451, this is denied, and it is said that by "some evidence" is meant "such only as that from which a jury might reasonably infer the existence of the alleged fact." In the former case it was stated that "when there is evidence of a fact, which, in connection with other facts, if proven, would form a chain of circumstances sufficient to establish the fact in issue, the fact so calculated to form a link in the chain, although the other links are not supplied, is, nevertheless, some evidence tending to establish the fact in issue." This rule would include an apparently isolated fact, having no bearing upon the fact in issue. Indeed, it might be entirely colorless without the light of other circumstances, and utterly incapable of raising even a mere conjecture of the fact to be proved. This would, of course, offend the authorities, all of which unite in saying that a mere conjecture or suspicion should not be submitted to the jury. The rule as stated in Wittkowsky's case (*supra*) has been frequently approved by this Court (*Best* v. *Frederick*, 84 N. C., 176; *State* v. *White*, 89 N. C., 462; *State* v. *Atkinson*, 93 N. C., 519; *State* v. *Powell*, 94 N. C., 965; *Jordan* v. *Lassiter*, 6 Jones, 131, and other cases); but even this, by reason of the inherent difficulty of the subject, is necessarily indefinite. In some jurisdictions it is held that if the testimony be such that the Judge would set aside the verdict as being against the weight of the evidence, it should not be submitted to the jury; but this, according to our decisions, would be an usurpation of the functions of that body. *State* v. *Allen, supra;* Wittkowsky's case, *supra.* Perhaps what is "reasonably sufficient" evidence, as understood in North Carolina, is best stated by BATTLE, J., in *Jordan* v. *Lassiter, supra.* He says that if the circumstances "be such as to raise more than a mere conjecture, the Judge cannot pronounce upon their

sufficiency to establish the fact, but must leave them to be weighed by the jury, whose exclusive province it is to decide upon the effect of the testimony."

The remedy for a finding against the weight of the testimony is a motion for a new trial, and this power of the Court should, in proper cases, be unsparingly and fearlessly exercised. However difficult it may be to formulate a satisfactory definition as to what is " some evidence," we think that the circumstances deposed to in the case before us are entirely sufficient to meet the requirements of any of the rules above stated.

It is well settled that in order to convict of fornication and adultery, " it is not necessary to show by direct proof the actual bedding and cohabiting of the parties; it is sufficient to show circumstances from which the jury may reasonably infer the guilt of the parties." *State* v. *Poteet*, 8 Ired., 23; *State* v. *Elliason*, 91 N. C., 564.

The female defendant, a colored woman, was separated from her husband, and since such separation has given birth to two children. The male defendant, a white man, is so fond of these children that on several occasions he has been seen *nursing* and playing with them. He has " been heard teaching one of them to sing" the following inspiring couplet:

> " We have got the money, and we have got the land,
> And we don't care for any poor white man."

In addition to this, he has had " his own and the said children's picture taken together, and witness thought the female defendant's also." There is also testimony tending to show that he has been seen riding several times with the female defendant; that a part of the time "they ate at the same table;" that the female defendant employed " cooks to cook for them both," and that they have "their clothes washed together." All of these circumstances certainly

amounted to more than a "mere conjecture" of the guilt of the defendants, and were sufficient, we think, to sustain the verdict of the jury.

The other exceptions are without merit. There was no plea of former acquittal; and if there had been such a plea, the record was the best evidence to establish it. The testimony, as to acts more than two years before the indictment, was received and acted upon simply in corroboration of evidence of other acts committed within two years, and was, therefore, admissible. *State* v. *Elliason*, 91 N. C., 564.

No error.