STATE v. E. W. WADE AND PEARLIE WADE.

(Filed 17 March, 1915.)

**1. Criminal Law—Fornication and Adultery.**

Connected and relevant circumstances leading up to and tending to show the guilt of the parties charged with fornication and adultery are competent to be submitted to the jury as evidence of the offense charged, as where a married man does not provide for his wife and children or live with them, but lives with an unmarried woman on his own lands, eats with her, works in the field with her, illegitimate children are born to her under such circumstances, who call the man their father.

**2. Same—Two Years—Former Relations—Evidence.**

The fact of fornication and adultery of the parties charged with this crime may only be shown within two years before the issuance of the warrant, but improper relations of this character theretofore existing is competent evidence as explanatory of their continued relationship within that period.

**3. Appeal and Error—Trials—Broadside Exceptions — Instructions—Special Requests.**

A general exception to the charge of the judge to the jury, without particularizing the errors complained of, will not be considered on appeal; and where the exception is to the failure of the trial judge to instruct more fully, in his general charge, upon certain phases of the evidence in the case, it can only be made available when special and proper requests were tendered in time and refused by the court.

**4. Criminal Law—Fornication and Adultery—Existing Marriage—Evidence.**

Upon a trial for the criminal offense of fornication and adultery, it is competent to show that the husband had a living wife from whom he had not been divorced, as bearing upon the charge in the indictment that the defendants were not married to each other.

APPEAL by defendant from *Daniels, J.,* at January Term, 1914, of LENOIR.

*Attorney-General Bickett for the State.*
*Rouse & Land for defendants.*

WALKER, J. The defendants, E. W. Wade and Pearlie Wade, were indicted for fornication and adultery, and from the judgment upon a

verdict of guilty as to the male defendant he appealed to this Court. There were circumstances from which the jury might have inferred his guilt, and evidence of this kind is sufficient to support a conviction. *S. v. Poteet,* 30 N. C., 23; *S. v. Eliason,* 91 N. C., 564; *S. v. Rinehart,* 106 N. C., 787. The judge permitted the State to prove that defendant had separated from his wife and failed to support her and her children, who were begotten by him, for ten or twelve years, and, in the charge, he stated that the prosecution relied upon that circumstance as one to be considered by the jury in passing upon the defendant's guilt; but this was not irrelevant, as urged by the defendant, and was not introduced by the State for the purpose of contending that because guilty of the offense of abandoning his family, he was also guilty of this offense. It was a circumstance leading up to his immoral and illicit relations with his codefendant, and the first link in the chain of evidence pointing to his guilt. If he had been a faithful and dutiful husband and father, instead of deserting his home and seeking another where his paramour lived with him, this charge would never have been made against him. The case states: "That the defendant is a married man; that he has a wife and children living upon an adjoining plantation; that the other defendant is a single woman; that for ten or twelve years she has been living in his house or upon the land rented by him; that he does not support his family—his wife and children; he leaves that to his father-in-law; that they (defendants) have been seen about his place together; that she is seen cooking and washing at a place rented by him; that they eat at the same table; that they work in the fields together; that during the time that she has lived upon his premises she has given birth to five illegitimate children; that these children have been seen crawling to his lap and calling him papa." It was competent, of course, to show that the defendant was a married man, and had not been divorced, but had merely separated from his wife, as it tended to prove an allegation of the indictment, that the two defendants were not married to each other, as they could not be, under such circumstances. *S. v. Martin,* 95 N. C., 66. If a married man with children abandons his family and consorts with a loose woman, whose lewd character is shown by her having had five children by him, all of whom he recognizes as his own offspring and fondles with affection, and by whom, from time to time, he is called "father," and he continues to live under the same roof with their mother, in close proximity, working and eating with her, spending his money on her and not on the support of his wife and legitimate offspring, it is not a strained deduction from these facts that he has continued her in his service as his mistress. *S. v. Chancy,* 110 N. C., 507.

Underhill in his work on Criminal Evidence (sec. 381) says: "Direct evidence of the act of sexual intercourse can seldom be obtained. Hence, evidence of all the circumstances of the parties, their relations to one

another, their domestic and social surroundings, their acquaintance, conduct and familiarity, the facts that they went out together and visited each other, and often expressed a desire to be together, are relevant. Improper familiarities and adulterous acts between the same parties prior to or subsequent to the act charged, but not too remote, or, if remote, connected with it so as to form a part of a continuous course of conduct, may be shown for the purpose of bringing out the relations and adulterous disposition of the defendant." The Supreme Court of Michigan, in *People v. Jenness,* 305, at page 322, says that in the case of an indictment for this offense, "previous familiarity, and the general or habitual submission of the female to his (the defendant's) sexual embraces, must, in the nature of things, tend to render it more probable that like intercourse took place on the occasion charged. Such is the force and ungovernable nature of this passion, and so likely is its indulgence to be continued between the same parties, when once yielded to, that the constitution of the human mind must be entirely changed before any man's judgment can resist the force of such an inference to be drawn from previous acts of intercourse." These extracts, and the many cases cited in the notes to section 381 of Underhill on Cr. Evidence, show what great stress some of the courts have laid upon the fact of previous sexual intercourse as an important probative one; but this Court has held that such evidence is merely explanatory of acts and conduct within the two years, though the jury must find that the crime was committed within that period (*S. v. Guest,* 110 N. C., 410), and it was so treated by the presiding judge.

Defendant complains that the charge did not state his contentions fully and impartially, but laid more stress on those of the State. We have read the charge most carefully and have been unable to discover this fault. It appears to us to have been fair and just, clear and comprehensive, and arrayed the facts, which the evidence tended to prove, with perfect discrimination and proper application to the different phases of the case, giving to each side equal consideration. But if there had been any such omission, as is alleged by the defendant, it was his duty to call the attention of the court to it, by a request for more specific instructions, so that the judge could state his contentions more definitely and accurately. *Jeffreys v. R. R.,* 158 N. C., 215; *S. v. Cox,* 153 N. C., 638; *S. v. Blackwell,* 162 N. C., 672. The exceptions directed against the general structure of the charge cannot be entertained, as the particular error must be pointed out. A "broadside" attack upon the charge is not permissible. *S. v. Johnson,* 161 N. C., 264; *S. v. Cameron,* 166 N. C., 379. The judge sufficiently instructed the jury that the illicit association of defendants more than two years before this prosecution was commenced could only be considered as explanatory of what occurred since, and in this respect complied with the rule of this Court. 164 N. C., 548.

The evidence was sufficient to convict. *S. v. Chancy,* 110 N. C., 507; *S. v. Rinehart, supra.*

We have considered the positions taken by the defendant's counsel in their well prepared brief, but have concluded that the trial was conducted in all respects according to law.

No error.