M. F. OWENS v. WALKER D. HINES, DIRECTOR GENERAL OF RAILROADS, AND NORFOLK SOUTHERN RAILROAD COMPANY.

(Filed 22 October, 1919.)

1. **Appeal and Error—Objections and Exceptions—Assignments of Error—Judgments—Rules of Court.**

   Exceptions to a judgment, that it was not justified by the facts found or admitted, or to the court's jurisdiction, fall without Supreme Court Rule 27, requiring errors relied on to be assigned in the record, and Rule 19 (2) as to grouping and numbering of exceptions, under penalty of dismissal, for in such instances the appeal itself is an exception.

2. **Carriers of Goods—Statutes—Penalties—Delays in Transportation—Constitutional Law.**

   Our statute, Revisal, sec. 2632, imposing upon a railroad company a penalty for the delay in the transportation of an intrastate shipment is in the nature of a police regulation and constitutional and valid.

3. **Carriers of Goods— Federal Control— Parties— Director of Railroads— Orders—Statutes—Penalties—Police Regulations.**

   Under the express provision of the General Order of the United States Railroad Administration No. 50, issued 28 October, 1918, requiring that the Director General of Railroads be the party defendant in certain actions that theretofore could have been brought against a common carrier, "actions, suits or proceedings for the recovery of fines, penalties and forfeitures" are excluded; which is in conformity with the act of 21 March, 1918, sec. 10, an action to recover the statutory penalty for the carrier's unreasonable delay in transporting an intrastate shipment, brought in the State court, should be against the carrier alone. Revisal, 2632.

4. **Same—Pleadings—Amendments—Courts—Appeal and Error.**

   Where the action is to recover from the carrier the value of a lost part of an intrastate shipment as well as the statutory penalty (Revisal, 2632) for an unreasonable delay in the transportation of the whole thereof, the Director General of Railways is a necessary party as to the recovery of the value of the part lost, and it is not error for the Superior Court to permit an amendment to the complaint to this effect; and where the value of the lost goods has subsequently been paid into court a judgment for the statutory penalty will be affirmed on appeal.

APPEAL by defendant from *Devin, J.,* at April Term, 1919, of TYRRELL.

This was an action brought under Rev., 2632, before W. L. Godwin, J. P., to recover the penalty of $40 for delay in delivery of two bags of corn, and the value of one bag of corn lost in transit, shipped from Asheboro, N. C., on 27 March, 1918, and received at Columbia, N. C., on 16 April, 1918.

The evidence showed that three bags were shipped and only two received. On appeal from the justice in the Superior Court, his Honor allowed the plaintiff to make Walker D. Hines, Director General of Railroads, a party defendant, the action originally having been brought

against the Norfolk Southern Railroad Company. The Superior Court rendered judgment for $21 as the penalty for twelve days negligent delay, the value of the corn lost having been paid into court by the defendant.

*H. L. Swain, Aydlett, Simpson & Sawyer for plaintiff.*
*Small, MacLean, Bragaw & Rodman for defendants.*

CLARK, C. J. The plaintiff objects that there is no assignment of error. Rule 27 requires that the errors relied on should be assigned in the record, and Rule 19 (2) of this Court prescribes that the exceptions which are relied upon shall be grouped, numbered and set out immediately after the statement of the case on appeal under penalty of dismissal if this is not done. This is a very necessary requirement, as this Court has repeatedly stated, and it must be strictly adhered to. *Jones v. R. R.,* 153 N. C., 419, and citations thereto in the Anno. Ed. But there is an exception when the appeal is upon the ground that the judgment was not justified by the facts found or admitted, or that the court did not have jurisdiction. In such case the appeal of itself is an exception.

The court found the following facts by consent: The plaintiff delivered to the defendant carrier, at Asheboro, N. C., 27 March, 1918, three bags of seed corn for shipment to plaintiff at Columbia, N. C.; two of these said bags were delivered to plaintiff on 16 April, 1918; the carriage of said goods by the defendant railroad was entirely over its line and in the State of North Carolina, and there being between Asheboro and Columbia three intermediate points, allowance should be made therefor in accordance with the statute; that the distance between the initial point and the point of delivery is 285 miles. Thereupon the court adjudged that the plaintiff was entitled to recover the penalty of $21—*i. e.,* ten dollars for the first day, one dollar for eleven succeeding days, after allowing two days at the initial and six days for the three intermediate points, as provided by statute.

The court further finds that one of the bags of seed was lost in transit; that its value was $3.50, which the defendant has paid, and rendered judgment for $21, with interest from the first day of the term and the costs.

The transcript shows an exception to the order making Walker D. Hines, Director General of Railroads, an additional party defendant, and the appeal from the judgment presents the validity of the judgment for the recovery of the penalty prescribed by the statute.

The U. S. Supreme Court, in *R. R. v. North Dakota,* 39 S. C. Reporter, 502, in an opinion by *Chief Justice White,* filed 2 June, 1919, held that under the act of 21 March, 1918, section 10, authorizing the

President to fix rates for railroads under Federal control, but providing for review by the Interstate Commerce Commission, and section 15, declaring that "nothing in the act shall be construed to impair lawful police regulations of the State," the President had power to prescribe intrastate rates for railroads under Federal control, though such rates shall conflict with the rates previously fixed by State authority.

Our Rev., 2632, provides that in shipment of less than a carload there shall be a penalty of ten dollars for the first day's delay and a dollar per day for each succeeding day shall be allowed. In this case there was a delay for twenty days. After deducting the exemption of eight days, as properly allowed by the judge, there was a net delay of twelve days, the penalty for which is $21, as correctly stated by the judge. This was an intrastate shipment and this Court has held that Rev., 2632, is a valid law. *Davis v. R. R.,* 147 N. C., 68; *Wall v. R. R., ib.,* 407.

The statute prescribing such penalty for delay was a police regulation and section 15 of the act of 21 March, 1918, as recited by *Chief Justice White* in *R. R. v. North Dakota, supra,* declared that "nothing in that act should be construed to impair lawful police regulations of the State."

This was the view taken by the U. S. Railroad Administration, for in General Order No. 50-A, 11 January, 1919, it is provided: "General Order No. 50, issued October 28, 1918, is hereby amended to read as follows: *It is therefore ordered,* that actions at law, suits in equity, and proceedings in admiralty hereafter brought in any court based on contract, binding upon the Director General of Railroads, claim for death or injury to person, or for loss and damage to property, arising since December 31, 1917, and growing out of the possession, use, control, or operation of any railroad or system of transportation by the Director General of Railroads, which action, suit, or proceeding but for Federal control might have been brought against the carrier company, shall be brought against the Director General of Railroads, and not otherwise: *Provided, however,* that this order shall not apply to actions, suits, or proceedings for the recovery of fines, penalties, and forfeitures."

It seems clear from this order that the Director General of Railroads did not assume to repeal the State police regulation fixing a penalty for delay in the transportation of freight between two points in this State, but only directed that he should be made a party defendant in other actions brought against any railroad company, and he provided: "This order shall not apply to actions, suits or proceedings, for the recovery of fines, penalties and forfeitures." He thus recognized, as *Chief Justice White* has stated, that the police regulations were not impaired by the Federal statute, but provided that he should be exempt from being made a party to the suits therefor.

When this action was instituted, a part of the recovery sought was payment for the bag of corn not delivered. He was, therefore, to that extent, a proper party to the action, and the exception to the amendment making him a party was properly overruled, but the judgment stands good as to the defendant railroad company for the penalty imposed by the statute.

Affirmed.