## STATE v. HENRY HENDRICKS.

(Filed 27 February, 1935.)

**1. Criminal Law G r—**

Evidence objected to in this case *held* competent, upon cross-examination, to impeach testimony of defendant.

**2. Criminal Law I h: L d—**

Where remarks of solicitor upon evidence are not in the record, exception thereto cannot be considered on appeal.

**3. Criminal Law I c—**

Defendant desiring evidence to be restricted to particular purpose should make request to that effect. Rule 21.

**4. Criminal Law I g—**

Defendant desiring more full or detailed instructions as to any particular phase of evidence or law should request special instructions.

**5. Criminal Law L d—**

Attention is called to the fact that defendant's brief in this case does not comply with Rule 28.

APPEAL from *McElroy, J.,* at August Term, 1934, of FORSYTH. No error.

*John C. Wallace and Harvey Lupton for appellant.*

*Attorney-General Brummitt and Assistants Attorneys-General Seawell and Bruton for the State.*

PER CURIAM. The defendant appeals from a conviction and judgment upon a three-count bill charging (1) the unlawful and wilful breaking and entering into a railroad car containing merchandise and chattels with intent to steal such merchandise and chattels (C. S., 4237), (2) the larceny of a case of cigarettes of the value of $61.00, the chattels of the Southern Railway Company, and (3) the unlawful and felonious receiving said goods and chattels knowing them to have been stolen.

The evidence which the defendant makes the basis for exceptive assignments of error we think was clearly competent, upon cross-examina-

tion, to impeach the testimony of the defendant. We cannot here consider what the solicitor may have said relative to this evidence since his statements are not in the record. If the defendant desired to have the evidence restricted to a particular purpose he should have made request to that effect. Rule 21 of this Court.

The defendant complains that the charge lacks fullness and detail. We have read the charge carefully and are of the opinion that it does "state in a plain and correct manner the evidence given in the case, and declare and explain the law arising thereon." (C. S., 564.) If the defendant desired more full or detailed instruction as to any particular phase of the evidence or the law, he should have requested special instructions. *S. v. Wade,* 169 N. C., 306.

We find no error on the record.

Attention is called to the fact that the defendant's brief does not comply with Rule 28 of this Court. See *S. v. Newton, ante,* 323, and *S. v. Bryant,* 178 N. C., 702.

No error.