## STATE v. LEE EDGAR BIGGERSTAFF.

(Filed 16 October, 1946.)

**1. Automobiles § 30d—**

In this prosecution for driving a motor vehicle while under the influence of intoxicants, an instruction that the defendant was under the influence of intoxicants if he had drunk a sufficient amount to make him think or act differently than he would otherwise have done, regardless of the amount, and that he was "under the influence" if his mind and muscles did not normally co-ordinate or if he was abnormal in any degree from intoxicants, *is held* without error.

**2. Criminal Law § 78c—**

In order to preserve the right to review, exceptions must be aptly noted in the record and brought forward, numbered and grouped, and assigned as error at the end of the case either before or after the judge's signature. Rule of practice in Supreme Court No. 19.

**3. Same: Criminal Law § 79—**

Argument set forth in the brief which is not based upon an exception duly noted in the record is unavailing.

**4. Criminal Law § 53d—**

Where the court aptly instructs the jury that the jury is to take its recollection of the evidence and not the court's, the court is not required to again warn the jury on this aspect in recapitulating the evidence in the absence of a request so to do.

**5. Criminal Law § 53k—**

An exception to the charge based upon the manner of delivery and arrangement in stating the contentions of the parties is without merit when there is no exception to its correctness in stating the law.

**6. Criminal Law § 53l—**

If more complete instructions in stating the contentions of the parties are desired appellant must aptly tender request therefor.

**7. Criminal Law § 78e (1)—**

An assignment of error on the ground that the charge "failed to state in a plain and correct manner the evidence given and to explain the law

arising thereon" is a broadside attack upon the charge and will not be considered.

APPEAL by defendant from *Phillips, J.,* at February Term, 1946, of BURKE.

The defendant was tried on a bill of indictment charging that Lee Edgar Biggerstaff "did unlawfully and wilfully operate an automobile upon the public highways of Burke County while then and there being under the influence of intoxicating liquors, or narcotic drugs," and a verdict of "guilty as charged in the bill of indictment" was returned, whereupon the defendant was sentenced to be "confined in the common jail of Burke County and assigned to work on the roads . . . for a period of six months," to which judgment the defendant excepted and appealed to the Supreme Court, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*O. L. Horton for defendant, appellant.*

SCHENCK, J.   The first assignment of error set out in appellant's brief relates to an instruction in the charge which purports to give a definition as to what constitutes "under the influence of intoxicants," as follows: "Our Court has said that a person is 'under the influence' within the meaning of the statute where his mind and muscles do not normally coordinate or where he is abnormal to any degree, from intoxication.   In a prosecution under this statute our Court has said this: On the instruction that the defendant was under the influence of intoxicating liquors, if he had drunk enough to make him act or think differently than he would have acted or thought if he had not drunk any, regardless of the amount he drank; that is what our Court has said about it."   While the instruction assailed is not far, if at all, variant in effect with the definition approved in *S. v. Carroll, ante,* 237, and, we think, is a substantial compliance with the approved charge and therefore constitutes no error, still the assignment of error is untenable for the reason that the appellant has failed to take advantage of the error he contends was committed by noting an exception in the record and grouping and separately numbering the assignment of error as required by the rules of this Court.

Rule 19, Rules of the Supreme Court, provides that all exceptions relied on shall be grouped and separately numbered immediately before or after the signature to the case on appeal, and exceptions not thus set out will be deemed to be abandoned, and this Court has held that its rules must be strictly adhered to.   *Owens v. Hines,* 178 N. C., 325, and cases there cited, 100 S. E., 617.

This Court has also held that its rule is not complied with by showing in the record the various exceptions numbered, and there is no assignment of error at the end of the case either before or after the judge's signature. *Jones v. Atlantic Coast Line Railroad Co.,* 153 N. C., 419, 69 S. E., 427.

In this connection attention is called to the fact that neither was an exception taken to the portion of the charge assailed nor was any exception brought forward as an assignment of error as required by the aforesaid rule. Furthermore, the fact that the defendant discussed the correctness of this charge in his brief will not bring the question of the correctness of this charge before this Court for consideration, because questions discussed in the brief only will not be considered on appeal. On this question, in the case of *S. v. Britt,* 225 N. C., 364, 367, this Court said: "The appellant does argue in his brief that the trial court failed to 'state in a plain and correct manner the evidence given in the case and declare and explain the law arising thereon,' as required by G. S., 1-180, but there is no exception in the record based on such failure on the part of the court, to comply with the statute. An argument unsupported by exception is as ineffective as an exception without argument or citation of authority."

The next assignments of error discussed in the appellant's brief relate to exceptions 2, 3, and 4. The defendant argues that the court erred in that it did not recite correctly the testimony of both the witnesses for the State and for the defendant, and that such action on its part was prejudicial and militated against the defendant in his case before the jury. Under these exceptions, the defendant also complains that the court did not properly warn the jury that if their recollection of the testimony differed from its that they should take their own recollection thereof and be guided thereby. The court did warn the jury that they should be guided by their recollection as to all of the evidence, and the court is not required so to do in recapitulating the evidence, and in the absence of a request so to do, the charge is free from error. *S. v. Harris,* 213 N. C., 648, 197 S. E., 156.

The next assignments of error discussed in appellant's brief relate to exceptions 5, 6, 7, 8, 9, 10 and 11, taken to the statement of the contentions of the State as made in the charge. An exception to the charge based upon the manner of delivery and an arrangement in stating the contentions of the parties, without exception to its correctness in stating the law, will not be sustained. *S. v. Buffkin,* 209 N. C., 117, 183 S. E., 543. If more complete instructions in stating the contentions were desired they should have been requested by the appellant. *S. v. Hendricks,* 207 N. C., 873, 178 S. E., 557; *S. v. Wade,* 169 N. C., 306, 84 S. E., 768.

The final assignment of error, No. 12, is discussed in the appellant's brief and contains the following language: "The Court failed to state

in a plain and correct manner the evidence given and to declare and explain the law arising thereon . . . ." The exception is in the nature of a broadside attack upon the charge as a whole and for that reason the Supreme Court will not consider it. *S. v. Hicks,* 130 N. C., 705, 41 S. E., 803; *S. v. Wade, supra,* and cases there cited.

The appellant having failed to show error, the judgment below must be sustained.

No error.