STATE v. ROBBIE J. MERCER.

(Filed 14 January, 1959.)

**1. Criminal Law § 26—**

A plea of former jeopardy cannot be predicated upon the fact that the grand jury had theretofore returned not a true bill another indictment of the same defendant for the identical offense.

**2. Grand Jury § 2—**

The grand jury is not a trial court but an investigatory body, and it is competent to send to the grand jury as many bills of indictment as may be necessary to get before them necessary witnesses and evidence from which they may decide the propriety of submitting the accused to trial.

**3. Courts § 11—**

The County Recorder's Court of Pamlico County is a duly constituted court. G.S. 7-218

**4. Criminal Law § 16—**

The Recorder's Court of Pamlico County has jurisdiction to try a defendant on a charge of operating a motor vehicle on a public highway while defendant's license was revoked, and when the judge of that court testifies that he held a session of court on a Friday, such court is a court of competent jurisdiction to try the defendant for such offense on such day. G.S. 7-220.

**5. Automobiles § 3:   Criminal Law § 75—**

A record of the Department of Motor Vehicles disclosing, under official Department action, that defendant's license was in a state of revocation during the period defendant was charged with driving on a highway of this State, is competent when the record is certified under seal of the Department. G.S. 8-35.

**6. Criminal Law § 154—**

Assignments of error which fail to specify in particular the subject matter of the assignment is ineffectual. Rule of Practice in the Supreme Court No. 21.

APPEAL by defendant from *Moore, J.,* at August 1958 Term, of PAMLICO.

Criminal prosecution upon a bill of indictment charging: "That Robbie J. Mercer late of the County of Pamlico on the 24th day of January, A. D., 1958, did feloniously, wilfully and unlawfully commit perjury upon the trial of an action in County Recorder's Court in Pamlico County, wherein State of North Carolina was plaintiff and Robbie J. Mercer was defendant, by falsely asserting on oath or solemn affirmation that he was not the operator of a certain motor vehicle, to wit: a 1957 Ford automobile owned by him, the said Robbie J. Mercer, at the time and while the same was then and there proceeding eastwardly on N. C. Highway No. 304 across the Hobucken Inland Waterway bridge on December 4th, 1957, at about 5 P. M., and that the operator of said vehicle at said time and place was Raymond T. Jones, the said matter so testified to as aforesaid being material to said issue being tried in said action knowing said statement or statements to be false, or being ignorant whether or not said statements were true, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State."

And the record shows that defendant, before pleading, moved to quash the bill of indictment on grounds hereinafter set forth, and that the motion was denied, and defendant excepted.

Upon trial in Superior Court the State offered evidence tending to

support the several elements of the crime charged to which in the course of the trial some exceptions were taken.

Reference will be made hereinafter to such of the evidence as bears upon assignments specifically and expressly treated.

The defendant offered no evidence. And the case was submitted to the jury upon evidence offered by the State under the charge of the trial judge to which only one exception is taken as hereinafter stated.

Verdict: That the defendant is guilty as charged.

Judgment: Confinement in the State's prison for a term of not less than one year nor more than two years to be assigned to work under the supervision of the State Prison Department, as provided by law and with the recommendation that the defendant be permitted to serve his sentence in a youthful and first offender's camp if it can be done according to rules.

Defendant appeals to Supreme Court and assigns error.

*Attorney General Seawell, Assistant Attorney General Harry W. McGalliard, for the State.*

*Robert G. Bowers, Larkins & Brock for defendant, appellant.*

WINBORNE, C. J.   At the outset defendant challenges the ruling of the court below in denying his motion to quash the bill of indictment for that a bill of indictment for perjury was sent in case No. 219 and was returned not a true bill at the August Term 1958, and that thereafter in case No. 219-A the same grand jury at the same term returned a true bill against the defendant on the identical charge of perjury. It is recited that there was an additional witness added for the State on the bill in case No. 219-A and one of the witnesses appearing in case No. 219 on the first bill was deleted.

The ruling is in accord with what is said by this Court in *S. v. Lewis,* 226 N.C. 249, 37 S.E. 2d 691. There in opinion by *Seawell, J.,* the Court stated the case in this manner: "1. At the same term of court two bills of indictment, one charging Ed Church with committing rape upon Emmie Green, and one charging Harry Mills with committing rape upon the same person, were returned: 'Not a True Bill.' The appellants urge that in the indictments found 'Not a True Bill' the grand jury had already passed upon the matters concerned, and the State was thereby estopped from presentation of other bills for the same offense, and the action of the grand jury in finding the true bills was ineffective. Apart from the discrepancies obvious upon comparison of the indictments, we do not think the objection could raise a serious question in trial procedure had there been an identity

of persons and description of offenses in the indictments rejected with those found a true bill."

And in respect thereto the Court declared: "The grand jury is not a trial court, but an investigatory body, and no question of double jeopardy is presented by its repeated investigation under the bills presented to it. The Constitution, Article I, sec. 12, requires that 'No person shall be put to answer any criminal charge, except as hereinafter allowed, but by indictment, presentment or impeachment,' and this sufficiently explains the function of the grand jury as a part of the court. It is competent to send to the grand jury as many bills of indictment as may be necessary to get before them necessary witnesses and evidence from which they may decide the propriety of submitting the accused to trial."

What is held there is applicable here,— and the Court approves. Indeed, it would seem that the factual situations in cases cited and relied upon by defendant are distinguishable from those in instant case.

Next, the defendant contends that the County Recorder's Court in Pamlico County, North Carolina, was not a court of competent jurisdiction on Friday, January 24, 1958, to try the case against him.

In this connection the State, over objection and exception by defendant, offered in evidence from the minutes of the Board of County Commissioners of Pamlico County, a resolution by said Board, "in meeting duly assembled at the courthouse in Bayboro, N. C., on August 3, 1931, that a County Recorder's Court be established as provided by statute." G.S. 7-218. * * * "Whenever necessary the court shall convene at the courthouse in the courtroom in Bayboro, North Carolina, for the trial of all criminal causes of which it has jurisdiction on Tuesday morning of each week at ten o'clock, and shall continue its session from day to day until all business is transacted by trial, continuance or otherwise, special sessions of the court may be called by the judge as the necessities may require." And it is declared that "the court shall have jurisdiction in all criminal cases arising in the county which are now or may hereafter be given to a justice of the peace, and in addition to this jurisdiction shall have exclusive original jurisdiction of all other criminal offenses committed in the county below the grade of a felony as now provided by law. The court shall have such other power and authority as conferred by law."

Indeed statute, G.S. 7-220, authorizes the establishment of such a court. And the judge of the court testified that he held a session of the Pamlico County Recorder's Court on Friday, January 24, 1958, and that he presided at that term, and had occasion to try defendant for a motor vehicle violation in which he was charged with operating a motor vehicle after his license had been suspended or revoked.

And the trial judge in Superior Court instructed the jury as a matter of law that the Recorder's Court of Pamlico County was on January 24, 1958, a court of competent jurisdiction to try a defendant on a charge of driving a motor vehicle on a public highway of North Carolina after the defendant's operator's license had been revoked and during such period of revocation. Defendant's exception thereto is not well taken.

This Court holds the ruling to be correct and proper.

And defendant excepts to the introduction in evidence by the State of an official record of the North Carolina Department of Motor Vehicles, Drivers License Division.

The record, as shown upon response to order on motion suggesting diminution of the record, reveals that the record is certified under seal of the Department of Motor Vehicles. As introduced the Exhibit discloses, as contended by the Attorney General, only the fact that under official department action the defendant's license was in a state of revocation for a period covering the date of the offense for which defendant was indicted. Hence the requirements of G.S. 8-35 are complied with, and is of no avail to defendant.

Furthermore, defendant lists under assignments of error many other exceptions without specifying in particular the subject matter as is required by Rule 21 of the Rules of Practice in the Supreme Court, 221 N.C. 544, at 558. See *Bridges v. Graham*, 246 N.C. 371, 98 S.E. 2d 492, and numerous others of like import. While these assignments are insufficient, error is not made to appear.

And, lastly, while defendant assigns as error the denial of his motions aptly made for judgment as of nonsuit, the subject is not treated in his brief except as it might be touched by jurisdictional matter expressly treated.

The Court concludes that in the judgment below from which appeal is taken there is

No Error.