STATE v. JOHN BANGLE CORL.

(Filed 6, May, 1959.)

**1. Automobiles § 3—**

In a prosecution of defendant for operating an automobile on the public highways, after his operator's license had been revoked or during a period it had been suspended, the State may introduce the certified record of the Department of Motor Vehicles for the purpose of showing the *status* of defendant's operator's license at the time of the offense charged, G.S. 20-42(b), and further, objections to preliminary statements of the witness to the effect that the witness had written to the Department of Motor Vehicles for the official record and had received such record from the Department, are feckless.

**2. Same: Criminal Law § 90—**

Even though the certified record of the Department of Motor Vehicles is *competent solely for* the purpose of establishing the *status* of defendant's driver's license at the time he is charged with driving after revocation of license or during the period of suspension of his license, the admission of the entire record, showing numerous convictions for speeding and reckless driving, driving after revocation of license, etc., cannot be held for error when defendant, at the time, does not request that the admission of the record be restricted to the purpose of showing the *status* of his driver's license.

**3. Criminal Law § 99—**

On defendant's motion to nonsuit, the evidence is to be considered in the light most favorable to the State, and the State is entitled to the benefit of every reasonable intendment thereon and every reasonable inference to be drawn therefrom.

**4. Automobiles §§ 3, 63—**

Testimony of officers to the effect that they flashed a light on an automobile in a field, recognized defendant behind the wheel, saw no other person in the car, that this car pulled around the officers' car, that the officers backed up and followed the car along a private road and into a public highway, that the car did not stop and no car entered the highway between that car and the officers' car, and that the officers followed the car for a distance along the public highway at speeds up to 120 miles per hour, *is held* sufficient identification of defendant as the driver of the car on the public highway.

**5. Criminal Law § 133—**

Where cumulative sentences are imposed upon convictions for sepa-
rate offenses, the judgment in the second sentence should provide that
it should begin at the expiration of the first sentence, and when the judg-
ment merely provides that the sentence in each case should run con-
secutively and not concurrently with the other, without specifying the
order in which the sentences should be served, the cause must be re-
manded for proper sentences.

**6. Criminal Law §§ 139, 169—**

Where the record discloses that judgment imposing sentences for two
separate offenses each provided that the sentences should be cumulative
and should not run concurrently, the Supreme Court will take notice
*ex mero motu* of the want of definite provision as to when each sentence
should begin, and remand the cause for proper sentences.

Appeal by defendant from *Johnston, J.,* October Term 1958 of
Cabarrus.

The defendant was charged in a warrant returnable to the Re-
corder's Court of Cabarrus County with operating a motor vehicle,
on or about 12 April 1957, upon the public highways of North Car-
olina, after his operator's license had been revoked or suspended
by the Highway Safety Division of the Department of Motor Ve-
hicles, the revocation being in force at the time he operated said
motor vehicle.

The defendant was also charged in another warrant, returnable
to the same court, with the wilful and unlawful operation of an
automobile upon the public highways of the State, on 12 April 1957,
at a speed of 100 miles per hour where the speed limit is 55 miles
per hour, in violation of G.S. 20-141.

The defendant was tried and convicted in the Recorder's Court
of Cabarrus County on 22 May 1958 on both charges. He appealed
to the Superior Court.

In the Superior Court the cases were consolidated and tried on
the original warrants. The defendant entered a plea of not guilty
to each charge, and a jury was empaneled to try the cases.

Ray Atwood, a witness for the State, testified: "I am a deputy
sheriff of Cabarrus County. On the 12th day of April, 1957, I saw
the defendant in an automobile; it was approximately 1:00 or 1:30
A.M.; * * * we were on a private road * * *. A two-tone Ford pulled
in a dirt road. He backed into an open field * * * we followed the
Ford in * * * it was J. B. Corl. * * * The weather was fair and dry.
Officer Allen got out, went up to the car, he was in the car with me,
and shined a flashlight in it. At this time the car was pulled in gear,
going around in front of us. We backed up, took off after him * * *.

We came back out the Crisco Road * * * the Crisco Road is a * * * public highway. When we got to the Crisco Road we * * * saw the same car. We were 100 yards behind it. We turned left on Crisco Road out to (highway 73) (which) leads to Davidson and Concord * * *. When we got to 73, we saw the same car that was in the field. * * * We followed that same car on the Davidson Highway * * *. My headlights were shining on the back of the car. * * * We traveled up to 120 miles an hour. We did not overtake the car we were following, the two-tone Ford. We weren't gaining or losing till we got to Mecklenburg County and I didn't know the road and let up on him. * * * "

Paul Allen, also a deputy sheriff of Cabarrus County and who accompanied Ray Atwood on the occasion involved, testified: "I saw the defendant on the 12th of April * * *. I knew him. * * * We pulled behind this car, a two-tone 1957 Ford. * * * I got out of the car, had a flashlight, shined it on the man operating the car, which was J. B. Corl. My light hit him in the face. * * * "

The evidence further tends to show that J. B. Corl was driving the car when it left on the private road, and that the officers saw no one else in the car at the time; that they followed the car and kept in sight of it at all times until it entered Mecklenburg County. The car never stopped at any time, and no car entered the highways between the Ford car and the officers' car. The officers did not get close enough to the Ford car after it left the private road to again identify J. B. Corl as the driver thereof.

The State offered Ira Padgett who testified that he was a deputy sheriff; that he wrote to the Drivers License Division of the North Carolina Department of Motor Vehicles for an official record of the status of the driver's license of defendant J. B. Corl and that he had a certified copy thereof from the Drivers License Division of said Department, signed by Elton R. Peele, Director. The driver's license record was admitted in evidence and read to the jury over the objection of the defendant. The certified record is set out in full in the case on appeal.

The jury returned a verdict of guilty as charged in each case.

The warrant charging the defendant with driving after his driver's license had been revoked is Case No. 6711, while the warrant in which he was charged with speeding is Case No. 6712.

In Case No. 6711 the court entered the following judgment: "The judgment of the court is that the defendant be confined in the common jail of Cabarrus County for a period of eight (8) months and be assigned to work under the supervision of the State Prison De-

partment. This prison sentence is to run consecutive with and not concurrent with the prison sentences pronounced this day by this court in Cases 6712, 7069, 7070, 7268, and 7270."

In Case No. 6712 the court entered the following judgment: "The judgment of the court is that the defendant be confined in the common jail of Cabarrus County for a period of sixty (60). days and be assigned to work under the supervision of the State Prison Department. This prison sentence is to run consecutive with and not concurrent with prison sentences pronounced this day by this court in cases Nos. 6711, 7069, 7070, 7268 and 7270."

The defendant appeals, assigning error.

*Attorney General Seawell, Assistant Attorney General Pullen for the State.*

*Robert L. Warren for defendant.*

DENNY, J.   The defendant's first assignment of error is to the admission of testimony of Ira Padgett as follows: "I wrote to the Drivers License Division of the North Carolina Department of Motor Vehicles for an official record of the status of the driver's license of the defendant, J. B. Corl." The second assignment of error is directed to the admission of this additional testimony of the same witness: "I have an official record from the Drivers License Division from the North Carolina Department of Motor Vehicles signed by Elton R. Peele, Director, and a certified copy of the official record." The third assignment of error is directed to the admission in evidence by the State of the certified copy of the official record of the status of the driver's license of the defendant J. B. Corl. Assignments of error Nos. 1 and 2 are without merit and are overruled.

As to assignment of error No. 3, the certified copy of convictions for violations of motor vehicle laws and the departmental action with respect thereto relating to J. B. Corl was certified under the seal of the Department as authorized by G.S. 20-42 (b) and such certified record is "admissible in any court in like manner as the original thereof, without further certification." *S. v. Moore*, 247 N.C. 368, 101 S.E. 2d 26.

The certified record from the Department of Motor Vehicles, to which the defendant objected and assigns as error its admission in evidence, shows that the defendant has been convicted of twelve separate violations of the motor vehicle laws since 31 October 1946: twice for reckless driving; once for speeding 75 miles per hour, and on another occasion for speeding 110 miles per hour; once for pre-

senting another person's driver's license as his own; and seven times for driving after his license had been revoked and while such license was revoked.

The defendant contends that since he did not go on the stand or put his character in evidence, the State was not entitled to show his bad character for any purpose whatever. He further contends that his record as a driver was prejudicial in this respect and that the State had no right to introduce such record in evidence, citing *S. v. Mercer,* 249 N.C. 371, 106 S.E. 2d 866.

In the last cited case, *Winborne, C. J.,* in speaking for the Court with respect to the introduction of a similar document over the objection of the defendant, said: "The record, as shown upon response to order on motion suggesting diminution of the record, reveals that the record is certified under seal of the Department of Motor Vehicles. As introduced the Exhibit discloses, as contended by the Attorney General, only the fact that under official department action the defendant's license was in a state of revocation for a period covering the date of the offense for which the defendant was indicted. Hence the requirements of G.S. 8-35 are complied with, and is of no avail to defendant."

In our opinion the defendant was entitled to have the contents of the official record of the status of his driver's license limited, if he had so requested, to the formal parts thereof, including the certification and seal, plus the fact that under official action of the Department of Motor Vehicles the defendant's license was in a state of revocation or suspension on the date he is charged with committing the offenses for which he was being tried.

Ordinarily, where evidence admissible for some purposes, but not for all, is admitted generally, its admission will not be held for error unless the appellant requested at the time of its admission that its purpose be restricted. Rule 21, Rules of Practice in the Supreme Court, 221 N.C. 558; General Statutes, Volume 4A, page 175, et seq; *Brewer v. Brewer,* 238 N.C. 607, 78 S.E. 2d 719; *S. v. McKinnon,* 223 N.C. 160, 25 S.E. 2d 606; *S. v. Hendricks,* 207 N.C. 873, 178 S.E. 557.

In the instant case, the defendant made no request that the contents of the certified record of the status of his driver's license be limited to the portion or portions thereof relating to the status of his driver's license on the date he was charged with committing the offenses for which he was being tried. Hence, this assignment of error is overruled.

The defendant's fourth and fifth assignments of error are direct-

ed to the failure of the court below to allow his motion for judgment as of nonsuit at the close of the State's evidence and renewed when the defendant rested without offering any evidence.

On a motion for judgment as of nonsuit the evidence is to be considered in the light most favorable to the State, and the State is entitled to the benefit of every reasonable intendment thereon and every reasonable inference to be drawn therefrom. *S. v. Block,* 245 N.C. 661, 97 S.E. 2d 243; *S. v. Burgess,* 245 N.C. 304, 96 S.E. 2d 54; *S. v. Simpson,* 244 N.C. 325, 93 S.E. 2d 425; *S. v. McKinnon, supra.*

In our opinion, when the State's evidence in this case is so considered, it was sufficient to take the case to the jury, and we so hold. The evidence with respect to the identity of the defendant as the driver of the Ford car, described by the officers who testified on behalf of the State, was not only sufficient to identify the defendant as the driver of the car on the private road, but also sufficient to support a finding by the jury that he continued to drive the car after entering the Crisco Road and highway 73. *S. v. Dooley,* 232 N.C. 311, 59 S.E. 2d 808; *S. v. Newton,* 207 N.C. 323, 177 S.E. 184. This assignment of error is without merit and is, therefore, overruled.

The court below after imposing sentence in Case No. 6711, as hereinabove set out, then stated: "This prison sentence is to run consecutive with and not concurrent with the prison sentences pronounced this day by this court in Cases 6712, 7069, 7070, 7268, and 7270." The court then proceeded to impose sentence in Case No. 6712, and added: "This prison sentence is to run consecutive with and not concurrent with the prison sentences pronounced this day by this court in Cases Nos. 6711, 7069, 7070, 7268 and 7270."

Appeals in all these cases are now pending in this Court. In none of the judgments was it specified in what order the respective sentences were to be served.

The general rule with respect to consecutive sentences is well stated in 15 Am. Jur., Criminal Law, section 467, page 125, as follows: "The specification of the order in which cumulative sentences are to be served must be of such certainty that the commencement and termination of the respective sentences may be determined from the record. This does not mean that the judgment should fix the day on which each successive term of imprisonment should commence, but merely that it should direct that each successive term should begin at the expiration of the previous one, for the obvious reason that the prior term of imprisonment may be shortened by the good behavior of the defendant, by executive clemency, or by a reversal of

the judgment, in which event the succeeding sentence would then take effect in case it provided that the term of imprisonment should commence at the termination of the previous one."

There is no exception or assignment of error with respect to the ambiguity involved in these sentences. Even so, "where error is manifest on the face of the record, it is the duty of the Court to correct it, and it may do so of its own motion, that is, *ex mero motu.*" *Duke v. Campbell*, 233 N.C. 262, 63 S.E. 2d 555; *Gibson v. Insurance Co.*, 232 N.C. 712, 62 S.E. 2d 320. Or, where there is a void or erroneous sentence, the case will be remanded for a proper sentence. *S. v. Doughtie*, 237 N.C. 368, 74 S.E. 2d 922; *S. v. Satterwhite*, 182 N.C. 892, 109 S.E. 862. Moreover, an appeal will be taken as an exception to the judgment and raises the question as to whether error in law appears upon the face of the record. *Barnette v. Woody*, 242 N.C. 424, 88 S.E. 2d 223; *S. v. Sloan*, 238 N.C. 672, 78 S.E. 2d 738; *Gibson v. Insurance Co., supra; Dixon v. Osborne*, 201 N.C. 489, 160 S.E. 579.

Although the judgments in these cases do not specify in what order the sentences are to be served, it is amply clear that his Honor intended that they should run consecutively and not concurrently.

When the trial judge sentenced the defendant in the court below in Case No. 6711 to be confined in the common jail of Cabarrus County for a period of eight (8) months and be assigned to work under the supervision of the State Prison Department, if he had stopped there and proceeded to impose sentence in Case No. 6712, and then had added, the sentence in Case No. 6712 is to begin at the expiration of the sentence imposed this day in Case No. 6711, the sentences in Cases Nos. 6711 and 6712 would be definite as to when they would begin. *In re Swink*, 243 N.C. 86, 89 S.E. 2d 792; *In re Smith*, 235 N.C. 169, 69 S.E. 2d 174; *In re Parker*, 225 N.C. 369, 35 S.E. 2d 169.

It is ordered that this case be remanded to the Superior Court of Cabarrus County for proper sentences.

Remanded.