STATE OF NORTH CAROLINA v. CORINA BATES RHODES

No. 7017SC539

(Filed 16 December 1970)

1. **Automobiles § 3— status of operator's license — admissibility of records**

    The records of the Department of Motor Vehicles, properly authenticated, are competent for the purpose of establishing the status of a person's operator's license and driving privilege.

2. **Automobiles § 3— driving while license in state of suspension — cross-examination of defendant on driving record**

    In a prosecution charging defendant with driving while her license was suspended, it was proper for the solicitor to cross-examine the defendant with respect to her driving record, the status of her driver's license, and the number of times her license had been suspended, where defendant did not request that her driving record, as certified by the Motor Vehicles Department, be limited or restricted in any way.

APPEAL by defendant from *McConnell, Superior Court Judge,* 7 May 1970 Session of SURRY Superior Court.

The defendant Corina Bates Rhodes was charged in a warrant, proper in form, with operating a motor vehicle while her driver's license was suspended in violation of G.S. 20-28(a). Upon the defendant's plea of not guilty in the superior court, the case was submitted to the jury upon evidence which tended to show that on 30 October 1968, at about 3:20 p.m., North Carolina Highway Patrolman S. C. Foster saw the defendant operating a 1959 Ford automobile on the C. C. Camp Road (rural paved road 1138) near its intersection with Interstate 77. The defendant's driver's license had been suspended by the

North Carolina Department of Motor Vehicles on 14 October 1970 under the provisions of G.S. 20-16(a) (5) for an accumulation of twelve points. The defendant offered evidence tending to show that on 30 October 1968 her driver's license was in a state of suspension and that she did not drive an automobile on that date at all, and that her sister, Linda Bates Jenkins, did drive the 1959 Ford automobile on the C. C. Camp Road in the afternoon of the date in question and saw the highway patrolman.

The jury returned a verdict of guilty as charged. From a judgment of imprisonment for six months, suspended on condition that the defendant pay a fine of $200.00 and the costs, the defendant appealed to the North Carolina Court of Appeals.

*Robert Morgan, Attorney General, and James B. Richmond, Trial Attorney, for the State.*

*Franklin Smith for defendant appellant.*

HEDRICK, Judge.

[1] By assignments of error one through seven, and nine, the defendant contends the court committed prejudicial error in its several rulings with regard to the State's introduction into evidence and use of the "Drivers License Record Check for Enforcement Agencies" of the defendant Corina Bates Rhodes. These assignments of error are without merit. The record reveals that the State's exhibit identified as the "Drivers License Record Check for Enforcement Agencies" was admitted into evidence over the defendant's objection after Patrolman Foster had testified that the defendant's driver's license had been suspended by the Department of Motor Vehicles on 14 October 1968 for an accumulation of twelve points. The records of the Department of Motor Vehicles, properly authenticated, are competent for the purpose of establishing the status of a person's operator's license and driving privilege. *State v. Mercer,* 249 N.C. 371, 106 S.E. 2d 866 (1959); *State v. Teasley,* 9 N.C. App. 477, 176 S.E. 2d 838; G.S. 8-35; G.S. 20-42(b). The defendant does not contend that the record introduced into evidence was not properly authenticated.

In *State v. Corl,* 250 N.C. 252, 108 S.E. 2d 608 (1959), our Supreme Court said:

"In our opinion the defendant was entitled to have the contents of the official record of the status of his driver's

license limited, if he had so requested, to the formal parts thereof, including the certification and seal, plus the fact that under official action of the Department of Motor Vehicles the defendant's license was in a state of revocation or suspension on the date he is charged with committing the offenses for which he was being tried.

"Ordinarily, where evidence admissible for some purposes, but not for all, is admitted generally, its admission will not be held for error unless the appellant requested at the time of its admission that its purpose be restricted. Rule 21, Rules of Practice in the Supreme Court, 221 N.C. 558, General Statutes, Volume 4A, page 175, *et seq; Brewer v. Brewer*, 238 N.C. 607, 78 S.E. 2d 719; *S. v. McKinnon*, 223 N.C. 160, 25 S.E. 2d 606; *S. v. Hendricks*, 207 N.C. 873, 178 S.E. 557.

"In the instant case, the defendant made no request that the contents of the certified record of the status of his driver's license be limited to the portion or portions thereof relating to the status of his driver's license on the date he was charged with committing the offenses for which he was being tried. Hence, this assignment of error is overruled." See also *State v. Teasley, supra.*

[2] In the instant case, when the State introduced the "Drivers License Record Check for Enforcement Agencies," the defendant lodged only a general objection and did not request that the certified record be limited in any way, nor did the defendant move to strike any particular portion of the record.

When the defendant took the witness chair in her own behalf, it was not improper for the court to allow the solicitor to cross-examine her regarding her driving record, the status of her driver's license, and the number of times her license had been suspended.

Defendant's eighth assignment of error is as follows:

"The court erred in allowing the State through its attorney Scott to argue to the jury that these traffic offenses such as the one which the defendant was being tried for was the reason why people were complaining about high automobile insurance."

The record does not disclose what, if anything, the solicitor argued to the jury regarding automobile liability insurance rates; therefore, we cannot determine whether his argument was in any way improper. Because the appellant has failed to show any prejudicial error, this assignment of error is overruled.

We have examined all of the defendant's assignments of error and conclude that the defendant had a fair trial in the superior court free from prejudicial error.

No error.

Judges CAMPBELL and BRITT concur.