STATE OF NORTH CAROLINA v. LEON WILLIAMS, ALIAS DANNY McNEIL

No. 7421SC816

(Filed 5 February 1975)

Criminal Law §§ 34, 66— evidence of prior escape — admissibility to show identity of defendant

Generally, evidence of separate and independent crimes is inadmissible to prove the guilt of a person on trial, but such evidence is admissible for the purpose of establishing identity; therefore, defendant was not prejudiced when an officer testified that defendant gave him a false name while he was being booked, but it was later determined that defendant's fingerprints matched those of an escapee from another county.

APPEAL by defendant from *Smith, Judge,* 10 June 1974 Session of Superior Court held in FORSYTH County. Heard in the Court of Appeals 13 January 1975.

The defendant was charged in one bill of indictment with the larceny of an automobile on 16 March 1974, and in another with breaking and entering a furniture store and with larceny therefrom in the early morning of the following day. The three charges, to each of which defendant pled not guiltly, were consolidated for trial.

In substance, the State's evidence discloses that the sound of an alarm in the furniture store attracted three Winston-Salem policemen to the scene. There they found a glass door of the store broken, a TV set on the sidewalk about a half block from the store, and two TV sets, a tool box and tapes in a nearby Mustang automobile. Defendant was observed nearby; he ran and was pursued and apprehended in a tree where he was trying to hide.

The store owner identified the TV sets, tool box and tapes. The owner of an automobile sales lot identified the Mustang, which apparently had been removed from the lot by straight-wiring the switch. Defendant's fingerprints were found in the automobile.

Defendant did not offer any evidence.

Upon verdicts of guilty as charged to all three offenses, the trial court imposed sentences of imprisonment, and defendant appealed.

Further facts pertinent to the disposition of this case will be discussed in the opinion.

*Attorney General Rufus L. Edmisten by Associate Attorney Raymond L. Yasser for the State.*

*William Z. Wood, Jr., for defendant appellant.*

CLARK, Judge.

A city policeman testified that he was present when the defendant was booked and that the defendant gave his name as Leon Williams, but that it was later determined that the defendant's fingerprints matched those of Daniel McNeil, an escapee from Davie County. The officer further testified that after being advised of this information, the defendant stated to him that his name was Daniel McNeil and that he had escaped.

The admissiblity of this evidence of the defendant's escape is the only assignment of error which merits consideration by the Court.

The evidence appears in the record in narrative form and does not disclose whether the challenged testimony was in response to a specific and relevant question. But no objection, no motion to strike, and no motion for mistrial was made. Nevertheless, on both occasions after the witness stated that the defendant was an escapee, the trial judge instructed the jury to disregard and not consider the statement.

Generally, such evidence of separate and independent crimes is inadmissible to prove the guilt of a person on trial. However, such evidence is admissible for other purposes when it meets the tests of relevancy and materiality. 1 Stansbury, N. C. Evidence, § 91 (Brandis Rev. 1973). This evidence relating to

escape became relevant and material for the purpose of establishing identity and to explain the defendant's alias after he gave a false name to the booking officer. *State v. Perry,* 275 N.C. 565, 169 S.E. 2d 839 (1969) ; *State v. Williams,* 276 N.C. 703, 174 S.E. 2d 503 (1970) ; *State v. Engle,* 5 N.C. App. 101, 167 S.E. 2d 864 (1969).

The burden was on the defendant to request instructions limiting jury consideration to the purposes for which it was competent. *State v. Norkett,* 269 N.C. 679, 153 S.E. 2d 362 (1967) ; *State v. Hardee,* 6 N.C. App. 147, 169 S.E. 2d 533 (1969) ; *State v. Rhodes,* 10 N.C. App. 154, 177 S.E. 2d 754 (1970). But here the trial judge, *ex mero motu,* withdrew the evidence from jury consideration for any purpose and instructed the jury not to consider it, which ordinarily is sufficient to cure error in all but exceptional circumstances. *State v. Carnes,* 18 N.C. App. 19, 195 S.E. 2d 588 (1973).

Further, this claim of error cannot be sustained because the defendant's failure to object or to move to strike the evidence relating to the escape constituted a waiver. *State v. Blackwell,* 276 N.C. 714, 174 S.E. 2d 534 (1970) ; *State v. Crouse,* 22 N.C. App. 47, 205 S.E. 2d 361 (1974).

No error.

Judges BRITT and MORRIS concur.