STATE v. RAS TUTTLE.

(Filed 28 January, 1935.)

**1. Seduction B d—**

In a prosecution for seduction testimony of witnesses that prosecutrix told them she was engaged to defendant is competent in corroboration of prosecutrix's testimony that defendant promised to marry her.

**2. Criminal Law I e—**

Where testimony is competent as corroborative evidence, the failure of the trial court to so restrict its admission will not be held for error in the absence of a request to that effect by defendant.

**3. Seduction B d—Testimony of prosecutrix as to each essential element of the offense held supported by other evidence in this case.**

In this prosecution for seduction, defendant's objection to the sufficiency of the evidence on the ground that he could not be convicted on the unsupported testimony of prosecutrix, is not sustained, the testimony of prosecutrix on each essential element of the offense being supported by

other testimony, the promise of marriage by testimony of witnesses that prosecutrix told them defendant was going to marry her and by testimony of conversations between prosecutrix and defendant and by the circumstance of their long and constant association, her virtue by evidence of her good character, and the intercourse by defendant's admission. C. S., 4339.

**4. Criminal Law L d—**

The requirements of Rule 28, relating to setting out and numbering exceptions and assignments of error with authorities relied on classified under each assignment, and with reference to the printed pages of the transcript, are pointed out.

APPEAL from *Clement, J.,* at April Term, 1934, of STOKES. No error.

The defendant was tried and convicted upon a bill of indictment charging the seduction of an innocent and virtuous woman under promise of marriage, in violation of C. S., 4339. From judgment pronounced upon the verdict the defendant appealed to the Supreme Court, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*W. Reade Johnson for defendant appellant.*

SCHENCK, J. The basis of what appears to be the defendant's principal exceptive assignments of error is the court's allowing certain witnesses to testify that the prosecuting witness told them of her engagement to the defendant and of their purpose to be married. These exceptions cannot be sustained. In *S. v. Pace,* 159 N. C., 462, wherein the defendant was charged under the same statute as is the defendant in this case, it is written: "It is settled that statements to others that the prosecutrix and the defendant were going to be married are competent for the purpose of corroborating the testimony of the prosecutrix that the defendant had offered and promised to marry her. *S. v. Kincaid,* 142 N. C., 657; *S. v. Whitley,* 141 N. C., 823." Nor was this evidence objectionable because the court did not instruct the jury that it was admitted only for the purpose of corroboration. ". . . Nor will it be ground for exception that evidence competent for some purpose, but not for all purposes, is admitted generally, unless the appellant asks, at the time of its admission, that its purposes be restricted to the use for which it is competent. *S. v. Steele,* 190 N. C., 506, 130 S. E., 308; Rule 21, Supreme Court, 200 N. C., 827." *S. v. McKeithan,* 203 N. C., 494. The appellant did not ask that the purpose of the evidence be restricted.

The proviso that "the unsupported testimony of the woman shall not be sufficient to convict" is fully met in that the testimony of the prosecutrix was corroborated in respect to each essential element of the

offense charged: as to the promise of marriage by evidence of the prosecutrix' statements to others, and by the witness who "heard them talking," and by the further circumstance of the long and constant association of the defendant with the prosecutrix; as to her innocence and virtue by the evidence of her good character; and as to the intercourse by the admission of the defendant.

While we have endeavored to ascertain the exceptions relied on by the defendant, and the reasons assigned for such reliance, we call attention to the fact that his brief does not comply with Rule 28 of this Court, 200 N. C., 831, in that it fails to "contain, properly numbered, the several grounds of exception and assignment of error with reference to printed pages of transcript, and the authorities relied on classified under each assignment; . . ."

On the record we find

No error.