STATE v. CODY FORBES.

(Filed 14 October, 1936.)

**1. Seduction A a—**

The essential elements of the statutory offense of seduction are (1) seduction, (2) promise of marriage, (3) innocence and virtue of the prosecutrix.

**2. Seduction B d—**

In order for a conviction of seduction under C. S., 4339, there must be inculpating evidence of each of the essential elements of the crime, in addition to the testimony of prosecutrix, and such "supporting testimony" must necessarily consist of independent facts and circumstances.

**3. Same—Testimony of witness that prosecutrix said she and defendant were to be married held not to constitute "supporting testimony."**

In this prosecution for seduction, the only evidence in support of the testimony of prosecutrix on the essential element of promise of marriage was the testimony of a witness, admitted solely for the purpose of corroborating prosecutrix, that prosecutrix had told the witness that she and defendant were going to be married, and the further testimony of the witness that she had seen prosecutrix and defendant together over a period of a year and eight months. No other witness testified that prosecutrix and defendant had been seen together. *Held:* The testimony of the witness is not sufficient to constitute proof of the promise of marriage by facts and circumstances independent of the testimony of prosecutrix, and defendant's motion to nonsuit should have been granted.

APPEAL by defendant from *Sink, J.,* at April Term, 1936, of AVERY. Reversed.

Defendant was convicted of seduction under promise of marriage, and from judgment pronounced he appealed.

*Attorney-General Seawell and Assistant Attorney-General McMullan for the State.*

*J. V. Bowers for defendant.*

DEVIN, J. The criminal offense of which this defendant was convicted is statutory. Its essential elements appear in the language of the statute, C. S., 4339, and have been frequently stated in the decisions of this Court to be: (1) Seduction, (2) promise of marriage, (3) innocence and virtue of the prosecutrix. In addition, the statute contains the further proviso that the "unsupported testimony of the woman shall not be sufficient to convict."

So, that in order to sustain a conviction under this statute, to each of the constituent elements of the offense there must be "supporting testimony" in addition to that of the prosecutrix, and this supporting testimony must necessarily consist of independent facts and circumstances. *S. v. Patrick,* 204 N. C., 299.

The defendant in the case at bar bases his motion for nonsuit upon the failure of the State to offer "supporting testimony" of the promise of marriage.

The only evidence in addition to that of the prosecutrix was that of a girl friend, who testified that the prosecutrix told her, "Me and Cody is going to get married." This witness further testified: "I couldn't say how often I saw them together. He was down pretty often. He came down over a period of approximately a year and eight months. I would see them together sometimes in town, sometimes they would be going to the show or to ride, the usual places where young people congregate." There was no testimony from any other witness that they had been seen together.

The testimony of the witness as to what the prosecutrix told her was competent only in corroboration of the prosecutrix as a witness, and was so restricted by the court. It was not supporting testimony within the meaning of the statute, as it emanated from the prosecutrix herself. *S. v. Moody,* 172 N. C., 967.

The evidence of the witness, as set out in the record and quoted above, falls short of proof of such independent facts and circumstances as would constitute supporting testimony. *S. v. McDade,* 208 N. C., 197; *S. v. Tuttle,* 207 N. C., 649; *S. v. Patrick, supra; S. v. Fulcher,* 176 N. C., 724.

For the reasons stated, we think the learned judge who presided over the trial of the case below should have sustained the motion for judgment of nonsuit.

Reversed.