STATE v. FRANKLIN BREWINGTON.

(Filed 13 October, 1937.)

1. Seduction § 1—

   The essential elements of the statutory offense of seduction are (1) seduction, (2) promise of marriage, (3) innocence and virtue of the prosecutrix.

2. Seduction § 8—

   By provision of the statute, C. S., 4339, there must be evidence of each of the essential elements of seduction, independent of the testimony of prosecutrix, in order to sustain a conviction.

**3. Seduction § 8—Held: Nonsuit should have been granted for failure of supporting evidence as to innocence and virtue of prosecutrix.**

> In this prosecution for seduction, the only evidence outside the testimony of prosecutrix on the question of her innocence and virtue was the testimony of a witness, in answer to a question as to her general reputation, that he knew her when he saw her and had heard nothing for or against her. *Held:* Defendant's motion to nonsuit for failure of supporting evidence on the element of the innocence and virtue of prosecutrix should have been allowed.

APPEAL by defendant from *Harris, J.,* at April Term, 1937, of WAYNE. Reversed.

*Attorney-General Seawell and Assistant Attorney-General McMullan for the State.*
*J. Faison Thomson for defendant, appellant.*

SCHENCK, J. The defendant was convicted upon a bill of indictment charging a violation of C. S., 4339, which reads: "If any man shall seduce an innocent and virtuous woman under promise of marriage, he shall be guilty of a felony, and upon conviction shall be fined or imprisoned at the discretion of the court, and may be imprisoned in the State's Prison not exceeding the term of five years: *Provided,* the unsupported testimony of the woman shall not be sufficient to convict. . . ."

When the State had produced its evidence and rested its case, the defendant moved to dismiss the action and for judgment of nonsuit (C. S., 4643), and the court's refusal to allow the motion is the basis of an exceptive assignment of error.

The constituent elements of the offense against which the statute inveighs, and which must be proven beyond a reasonable doubt, are: (1) Seduction, (2) promise of marriage, (3) innocence and virtue of the prosecutrix, and, in addition, the statute contains the proviso that "the unsupported testimony of the woman shall not be sufficient to convict." This proviso requires evidence of facts and circumstances independent of the testimony of the prosecutrix tending to establish each of the constituent elements of the crime. *S. v. Forbes,* 210 N. C., 567; *S. v. Patrick,* 204 N. C., 299.

It may be conceded that there is in this case supporting evidence of all the constituent elements of the offense except that of the innocence and virtue of the prosecutrix. The only evidence offered to establish such innocence and virtue is the testimony of the witness R. B. Radford, as follows:

"Q. Do you know the girl (prosecutrix)?

"A. I know her when I see her.

"Q. Do you know her reputation in the community, whether good or bad?

"A. Nothing against her, or for her, that I know of. I just know her when I see her, that's all."

While it has been repeatedly held by this Court that evidence of the good character or reputation of the prosecutrix prior to the alleged seduction is sufficient to constitute supporting testimony within the meaning and requirement of the statute, *S. v. Horton,* 100 N. C., 443; *S. v. Malonee,* 154 N. C., 200; *S. v. Moody,* 172 N. C., 967; *S. v. Patrick, supra,* we think that the testimony of the witness Radford fails to support the testimony of the prosecutrix tending to establish her good character or reputation, or innocence and virtue. The positive testimony of the witness is "I just know her when I see her, that's all." The rest of his testimony is negative, and has no probative force.

Because the testimony of the prosecutrix as to her innocence and virtue, a constituent element of the offense, was unsupported, the defendant's motion for judgment of nonsuit should have been allowed.

The judgment below is

Reversed.