GRADY A. ZIGLAR v. LORRAINE ELIZABETH ZIGLAR.

(Filed 31 January, 1946.)

**1. Trial § 17—**

Plaintiff instituted suit for absolute divorce on ground of adultery. Defendant set up cross-action for divorce *a mensa et thoro* alleging, *inter alia,* adultery on the part of plaintiff. At the close of the evidence defendant took a voluntary nonsuit on her cross-action. *Held:* Evidence of adultery on the part of plaintiff was competent at the time of its introduction, and in the absence of motion to strike when defendant withdrew her cross-action, plaintiff's contention that he was unduly prejudiced by its admission is untenable. Rule 21.

**2. Trial § 49—**

The setting aside of a verdict on the ground that it is contrary to the weight of the evidence is addressed solely to the discretion of the trial court. G. S., 1-207.

APPEAL by plaintiff from *Nettles, J.,* at September Term, 1945, of FORSYTH.

Civil action for absolute divorce on ground of adultery.

The defendant denied the allegations of the complaint, pleaded condonation, and set up a cross-action for divorce *a mensa et thoro* on the ground that plaintiff's improper relations with other women and indignities offered to the defendant were such as to render her condition intolerable and life burdensome.

The case was tried on the allegations of the complaint and the cross-action, with evidence to support each and all of the allegations.

At the close of the evidence, the defendant took a voluntary nonsuit, without prejudice, on her cross-action; whereupon the case was submitted to the jury on the allegations of the complaint.

The jury answered the issue of adultery in favor of the defendant. From judgment denying the plaintiff a divorce, he appeals, assigning errors.

*John D. Slawter and Richmond Rucker for plaintiff, appellant.*
*Hoyle C. Ripple for defendant, appellee.*

STACY, C. J.   Plaintiff assails the validity of the trial on the ground that he was unduly prejudiced by the admission of testimony tending to show adultery on his part.   This evidence was competent, at the time of its introduction, as it was in support of the allegations of the cross-action.   *In re Southerland,* 188 N. C., 325, 124 S. E., 632; Rule 21, Rules of Practice in the Supreme Court, 221 N. C., 558.   There was no motion to strike when the defendant withdrew her complaint against the plaintiff.   On the record as presented, the exception cannot be held for reversible error.   *S. v. Hawkins,* 214 N. C., 326, 199 S. E., 284; *S. v. Tuttle,* 207 N. C., 649, 178 S. E., 76, and cases cited.

Nor is the court's charge on the issue of adultery open to valid objection.   The issue was one of fact with the evidence contradictory.   The jury has answered in favor of the defendant.

True it is, the plaintiff's evidence was direct and positive, and he complains that the verdict is clearly contrary to the weight of the evidence.   But this was a matter addressed to the sound discretion of the trial court.   G. S., 1-207; *Goodman v. Goodman,* 201 N. C., 808, 161 S. E., 686.

We have discovered no valid exception on the record.   The verdict and judgment will be upheld.

No error.