BLAND B. PRUITT, TRADING AS PRUITT LUMBER COMPANY, v. J. A. RAY AND WIFE, MARY MAGGIE RAY.

(Filed 20 April, 1949.)

**Trial § 48½ —**

Where a party's motion to set aside the verdict involves no question of law or legal inference, such motion is addressed to the sound discretion of the trial court and its ruling thereon is not subject to review in the absence of abuse of discretion. G.S. 1-207.

APPEAL by plaintiff from *Harris, J.,* at December Term, 1948, of FRANKLIN.

Civil action to recover for an alleged balance due on goods sold and delivered.

The plaintiff alleges, and his evidence tends to show, that during the months of November and December, 1947, he sold and delivered to the defendants certain building materials; that several payments were made or credits allowed on the account during said period, and that on 5 December, 1947, the defendant J. A. Ray went to the office of the plaintiff and requested C. B. Ray, Jr., an agent and employee of the plaintiff, to give him a statement of his account. The employee examined the ledger and prepared a statement showing a balance due the plaintiff of $459.72. The defendant J. A. Ray thereupon issued a check to the plaintiff for $459.72, and noted thereon "account in full"; and the employee of plaintiff gave him a receipt therefor, marked "account paid in full." It was discovered thereafter that invoices totaling $277.18 had not been posted or charged to the account of the defendants, and were therefore not included in the statement rendered. The plaintiff made demand for the payment of this additional sum. Payment was refused.

The jury returned a verdict in favor of the defendants. The plaintiff moved to set aside the verdict. Motion denied. Plaintiff appeals and assigns error.

*Hamilton Hobgood for plaintiff.*
*Edward F. Griffin for defendants.*

PER CURIAM. The only question involved on this appeal is whether or not the court below committed error in denying plaintiff's motion to set aside the verdict and for a new trial.

The plaintiff's contentions were submitted to the jury on a proper issue and in a charge which he concedes to be free from error.

There was no question of law or legal inference involved in the motion lodged below. Consequently it was addressed to the sound discretion of

the trial judge, whose ruling, in the absence of abuse of discretion, is not reviewable on appeal. No abuse of discretion is shown. G.S. 1-207; *Ziglar v. Ziglar,* 226 N.C. 102, 36 S.E. 2d 657; *Anderson v. Holland,* 209 N.C. 746, 184 S.E. 480.

The judgment below is

Affirmed.