INTERNATIONAL PAPER COMPANY, A CORPORATION, PLAINTIFF, v. MULTI-PLY CORPORATION, A CORPORATION; WHITEVILLE PLYWOOD, INC., A CORPORATION, DEFENDANTS.

(Filed 17 April 1968)

**1. Sales § 10—**

In the seller's action against two corporate defendants to recover the purchase price of paper cartons upon allegations that both defendants were engaged in a joint venture and were both liable for the indebtedness; the evidence of one codefendant *is held* sufficient to withstand nonsuit in its cross-action against the other defendant upon the grounds that the latter defendant had use of the goods sold by plaintiff and had agreed to assume the indebtedness incurred by the sale.

**2. Trial § 33—**

The charge in this case, when examined contextually, *held* not to support the appellant's contentions that the trial court, in reviewing the evi-

· dence, mistakenly referred to appellant's evidence as the evidence of another party.

**3. Trial § 51—**

Where motion to set aside the verdict involves no question of law or legal inference, the granting of such motion is within the sound discretion of the trial judge and its ruling thereon is not reviewable in the absence of abuse of discretion.

**4. Sales § 10;   Pleadings § 8—**

In the seller's action against two corporate defendants to recover the purchase price of paper cartons, allegations in the cross-action of one defendant to the effect that the other defendant had agreed to assume the indebtedness incurred jointly by the defendants are sufficient to state a cause of action, and a demurrer thereto is properly overruled.

THIS is an appeal by the defendant, Whiteville Plywood, Inc., from a judgment entered by *Clarkson, J.,* at the 18 September 1967, Schedule B, Jury Session, MECKLENBURG County Superior Court.

This case was instituted by International Paper Company (International) to collect an account of $1,722.99 for paper cartons to wrap plywood. International alleged that at the time of sale the defendants, Multi-Ply Corporation (Multi-Ply) and Whiteville Plywood, Inc. (Whiteville), were engaged in a joint venture and that the cartons were for, and used by, the joint venture. International claimed that Multi-Ply and Whiteville were both liable for the indebtedness. Whiteville denied any indebtedness. Multi-Ply denied any indebtedness and in a cross-action against Whiteville alleged a joint venture with Whiteville and the formation of Pan-L Finishing Corporation (Finishing) and that any merchandise furnished by International was to and for the use of Finishing. Multi-Ply further claimed that Whiteville had purchased the interest of Multi-Ply in Finishing and, as part of the purchase, agreed to assume all debts of Finishing, including any debts incurred by Multi-Ply on behalf of Finishing. Multi-Ply asserted that Whiteville was primarily liable for any indebtedness to International, if anyone was.

At close of the evidence of International, the motion of Whiteville for nonsuit of International's claim against it was sustained.

The following issues were submitted to the jury and answered as shown:

1. What amount, if any, is International Paper Company entitled to recover from the defendant, Multi-Ply Corporation, arising out of the matters and things alleged in the amended complaint? .
    Answer:   $1,722.99.

2. Did Whiteville Plywood, Inc., assume and agree to pay the

amount of the indebtedness claimed by International Paper Company as alleged in the cross-action of Multi-Ply Corporation?
Answer:   Yes.

Judgment was entered 6 October 1967 in favor of International against Multi-Ply for $1,722.99 with interest thereon from 28 March 1964, and upon payment of said judgment, Multi-Ply would be entitled to recover from Whiteville for the amount of such payment.

It is from this judgment that the defendant, Whiteville, appeals.

*Ruff, Perry, Bond, Cobb, and Wade by William H. McNair for defendant Multi-Ply, appellee.*

*Williamson & Walton for defendant Whiteville, appellant.*

CAMPBELL, J.   Whiteville claims error in the trial of this case for that:

1.   The evidence introduced by Multi-Ply was not sufficient to sustain the cross-action and the judgment as of nonsuit should have been entered.

2.   There were errors in the charge of the court.

3.   The trial court should have set the verdict aside.

Mr. Manous, President of Multi-Ply, testified that the order for cartons in question was for the benefit of Finishing and he had so informed representatives of International. He further testified that he agreed with Mr. Wallace, President of Whiteville, for Whiteville to purchase the interest of Multi-Ply in Finishing and "assume the remaining debt of Finishing and the bills." He also testified that Mr. Wallace told Mr. Dalehite of International that this bill would be taken care of. There was other evidence on behalf of Multi-Ply to the effect that the order for the cartons had been placed with International by the plant superintendent of Finishing and that the cartons were used in the business of Finishing. Mr. Wallace on behalf of Whiteville denied using the cartons or agreeing to pay this particular bill to International. A factual issue for the jury was presented. The evidence was ample to support a finding on the second issue in favor of Multi-Ply and there was no error in failing to nonsuit the cross-action.

With regard to the judge's charge to the jury, Whiteville asserts error in that the trial judge in reviewing the evidence referred to evidence offered by International and that this constituted error, for the case brought by International against Whiteville had been nonsuited at the close of the plaintiff's evidence.

A reading of the charge reveals that when the trial judge was reviewing the evidence of Whiteville he said: "Now as to the International Paper Company, their evidence tends to show," etc. Actually, the trial court by the use of the words "their evidence" was not referring to the evidence introduced by International but instead was reviewing and was referring to the evidence of Whiteville as testified to by Mr. Wallace, the President of Whiteville. We think the jury so understood and was not misled. When taken in context the charge is not objectionable.

Whiteville assigns other errors to the charge of the trial court.

We have reviewed all of these assignments of error and find no merit in them. We do not think anything would be gained by a detailed review and discussion of the charge of the trial court as no novel questions are presented and a detailed discussion would unnecessarily prolong the length of this decision.

There was no error in failing to set the verdict aside.

Setting aside a verdict, where no question of law or legal inference is involved, is a matter within the sound discretion of the trial judge. In the absence of abuse of discretion it is not reviewable on appeal. *Pruitt v. Ray*, 230 N.C. 322, 52 S.E. 2d 876.

Whiteville shows no. abuse of discretion and instead ties this claimed error to a demurrer *ore tenus* asserted in this Court for the failure of the cross-action of Multi-Ply to state a cause of action.

The answer of Multi-Ply alleges that in March 1964 Multi-Ply and Whiteville entered into an agreement whereby Whiteville would purchase the interest of Multi-Ply in Finishing; that as a part of the purchase price, Whiteville agreed that it would assume and pay all outstanding debts incurred by Finishing and all outstanding debts incurred by Multi-Ply for or on behalf of Finishing; that prior to this agreement Finishing had ordered and received some or all of the merchandise described in the complaint filed by International.

We are of the opinion and hold that this cross-action filed by Multi-Ply sets forth a cause of action against Whiteville and the demurrer *ore tenus* is overruled.

Affirmed.

BROCK and BRITT, JJ., concur.