STATE OF NORTH CAROLINA v. CLARENCE MOLES

No. 729SC799

(Filed 28 March 1973)

1. **Crime Against Nature § 2— motion to quash indictment — constitutionality of statute**

    G.S. 14-177 providing that the crime against nature is a felony punishable by fine or imprisonment in the discretion of the court is constitutional, and defendant is not entitled to quashal of the bill of indictment against him on grounds that the statute is unconstitutional because of its vagueness and overbreadth.

2. **Criminal Law § 89— testimony of witness corroborated by another witness — no error**

    Where one Alston, the person with whom defendant allegedly committed the crime against nature, testified for the State and was subjected to cross-examination by defendant, testimony by a sheriff as to a statement made to him by Alston was admissible for purposes of corroboration.

3. **Criminal Law § 85— evidence of defendant's reputation — admissibility**

    The trial court did not err in admitting into evidence testimony of a social worker as to defendant's reputation in the community in which he lived after defendant had already testified in his own behalf.

4. **Criminal Law § 89— prior inconsistent statement — admissibility for impeachment**

    The trial court properly admitted rebuttal testimony of a State's witness as to a prior statement made by a defense witness in conflict with the witness's testimony since such testimony was competent for the purpose of contradiction or impeachment.

5. **Criminal Law § 6— drunkenness as defense — sufficiency of evidence**

    The trial court was not required to instruct on defendant's intoxication and on drunkenness as a defense where the evidence did not

State v. Moles

tend to show that defendant's mental processes were so overcome by the excessive use of intoxicants that he had lost the capacity to think and to plan.

6. **Crime Against Nature § 2; Criminal Law § 106— accomplice testimony alone — sufficiency of evidence**
     The sole testimony of an accomplice will support a conviction in a prosecution for crime against nature.

APPEAL by defendant from *Godwin, Judge,* at the 1 May 1972 Criminal Session of Superior Court held in FRANKLIN County.

Defendant was tried under a bill of indictment charging in pertinent part as follows: "That Clarence Moles late of the County of Franklin on the 18th day of September 1971 with force and arms, at and in the county aforesaid, unlawfully, wilfully and feloniously did commit the abominable and detestable crime against nature with Shelton Alston . . ."

A jury found defendant "guilty as charged" and from judgment imposing prison sentence of ten years, defendant appealed.

*Attorney General Robert Morgan by Assistant Attorney General Roy A. Giles, Jr., for the State.*

*Thomas F. East for defendant appellant.*

PARKER, Judge.

[1] Before pleading to the bill of indictment, defendant moved to quash the bill. He now assigns as error the failure of the court to allow his motion. Defendant challenges the validity of the bill for the reason that it was drawn pursuant to G.S. 14-177 and that said statute because of vagueness and overbreadth does not meet Federal and State constitutional standards. The assignment of error is without merit.

G.S. 14-177 provides: "If any person shall commit the crime against nature, with mankind or beast, he shall be guilty of a felony, and shall be fined or imprisoned in the discretion of the court." Prior to the effective date of Chapter 621 of the 1965 Session Laws, G.S. 14-177 provided as follows: "If any person shall commit the abominable and detestable crime against nature, with mankind or beast, he shall be imprisoned in the State's prison not less than five nor more than sixty years."

We have been cited to no case in which the Supreme Court of North Carolina has specifically upheld the constitutionality of G.S. 14-177, but the Court has upheld the validity of bills of indictment substantially embodying the words of the statute. *State v. O'Keefe,* 263 N.C. 53, 138 S.E. 2d 767, and cases cited therein. See also *State v. Stokes,* 274 N.C. 409, 163 S.E. 2d 770. We think the reasoning given in *O'Keefe* and *Stokes* for upholding the validity of bills of indictment substantially embodying the words of the statute is also applicable for upholding the validity of the statute. We hold that the statute is constitutional.

[2] Defendant assigns as error testimony of Sheriff Dement, a State's witness, relating a statement made to him by Shelton Alston, the person with whom defendant committed the alleged crime. Defendant contends the challenged statement was an extrajudicial confession by an accomplice and as such was inadmissible. This contention has no merit.

Conceding, *arguendo,* that Alston was an accomplice, the fact remains that he took the stand as a witness for the State, gave testimony against defendant, and was subjected to cross-examination by defendant. The testimony of Sheriff Dement with respect to the statement made to him by Alston was admitted for the limited purpose of corroborating the witness Alston and the jury was instructed to receive the testimony for that purpose only. Had Alston not taken the witness stand a different question would be presented, but we hold that the testimony was admissible in this case under the well-established rule followed in *State v. Paige,* 272 N.C. 417, 158 S.E. 2d 522, and cases cited therein.

[3] Defendant assigns as error certain testimony given by State's witness Nancy Beasley, identified as a social worker with the Franklin County Department of Social Services. The witness testified that she had interviewed people in the community where defendant lived and pursuant to those interviews she knew "the general character and reputation for the character of Clarence Moles in the community" in which he lived and that it was "not good." This testimony was presented after defendant testified on his own behalf. We hold that the court did not err in admitting the testimony. Stansbury, N. C. Evidence 2d, § 110, pp. 249-251.

[4] Defendant also challenges the competency of certain rebuttal testimony of Nancy Beasley in which she related state-

ments made to her by Irene Strickland who had testified as a defense witness. On direct examination, Irene Strickland testified that she had known defendant approximately eight years, had been his girl friend for several years, had engaged in normal sexual relations with him, and during the entire time she had known defendant, had not observed any unnatural sexual tendencies in his behavior. On cross-examination she testified that she had never made a complaint to anyone about defendant molesting children in the neighborhood.

As a rebuttal witness for the State, Nancy Beasley testified that subsequent to September of 1971 she talked with Irene Strickland who told her that she and her son Ronnie had beaten defendant because of his treatment of Ronnie; that by "treatment" she meant defendant's physical abuse of Ronnie; that defendant had been involved with Ronnie "in an illegal manner involving his privates." We hold that the challenged evidence was competent under the well-established rule that "[t]estimony of a prior statement made by a witness in conflict with the witness' testimony is competent for the purpose of contradiction or impeachment." 2 Strong, N. C. Index 2d, Criminal Law, § 89, pp. 615-616; Stansbury, N. C. Evidence 2d, § 46.

[5] Defendant assigns as error the failure of the trial court to instruct the jury with respect to defendant's intoxication and with respect to drunkenness as a defense. In *State v. Cureton*, 218 N.C. 491, 495, 11 S.E. 2d 469, 471, we find:

> "While intoxication is an affirmative defense no special plea is required. However, to avail the defendant and require the court to explain and apply the law in respect thereto, there must be some evidence tending to show that the defendant's mental processes were so overcome by the excessive use of liquor or other intoxicants that he had temporarily, at least, lost the capacity to think and plan. As to this, he is not relegated to his own testimony. It is sufficient if the testimony of any witness tends to establish the fact. But it must be made to appear affirmatively in some manner that this defense is relied upon to rebut the presumption of sanity before the doctrine becomes a part of the law of the case which the judge must explain and apply to the evidence."

While there was evidence in the instant case that defendant was drinking intoxicants on the day of the alleged offense,

we do not think the evidence tended to show that defendant's mental processes were so overcome by the excessive use of intoxicants that he had lost the capacity to think and plan. We note that defendant did not request instructions on that point. The assignment of error is overruled.

[6]   Finally, defendant assigns as error the failure of the court to grant his motions for dismissal because of insufficient evidence of the crime charged. This assignment of error is without merit.

Defendant's argument that there was insufficient evidence of penetration is negatived by the testimony of Alston who testified to the effect that defendant engaged in sexual relations with him *per os* and *per anus*. Defendant appears to argue that the sole testimony of an accomplice will not support a conviction of the offense prescribed by G.S. 14-177. In Stansbury, N. C. Evidence 2d, § 21, pp. 40-41, we find: "The general rule is that the testimony of a single witness will legally suffice as evidence upon which the jury may found a verdict; . . . In some jurisdictions an *accomplice* must be corroborated, but in North Carolina the unsupported testimony of an accomplice is sufficient to convict if the jury believe him." See also *State v. McNair,* 272 N.C. 130, 157 S.E. 2d 660. In the cited section Professor Stansbury enumerates some four offenses that require corroborating testimony to convict, but crime against nature is not one of them.

We have carefully considered all contentions argued in defendant's brief but find them to be without merit. We hold that defendant received a fair trial, free from prejudicial error, and the sentence imposed is within the limits provided by statute.

No error.

Judges BRITT and VAUGHN concur.