State v. Gray

---

STATE OF NORTH CAROLINA v. WILLIE STEVE GRAY

No. 7410SC100

(Filed 6 March 1974)

Crime Against Nature § 2— jury instructions — reference to Sodom and Gomorrah — no error

    In a prosecution for crime against nature, the trial court's inclusion in its jury instructions of the biblical story of Sodom and

State v. Gray

Gomorrah in explanation of the derivation of the word "sodomy" amounted to an aside comment which, although irrelevant, was not inherently prejudicial.

APPEAL by defendant from *Copeland, Judge,* 27 August 1973 Session of Superior Court held in WAKE County.

Defendant was charged in a bill of indictment, proper in form, with crime against nature in violation of G.S. 14-177. Upon a plea of not guilty, he was convicted by a jury and received a sentence of 8 to 10 years. From that judgment, he has appealed to this Court.

*Attorney General Morgan, by Associate Attorney Keith L. Jarvis, for the State.*

*Theodore A. Nodell, Jr., for defendant appellant.*

BALEY, Judge.

All of the assignments of error are based upon the following portion of the charge of the court to which defendant takes exception:

"I will tell you a little more about this Law later on. I guess I will just tell you about it right now. The crime of sodomy comes from the name Sodom.

"You recall in the Old Testament in the 18th Chapter of Genesis, the Lord appeared to Abraham, and the Lord said he was going to destroy the City of Sodom and Gomorrah, evil and wicked place.

"And then Abraham replied, as you recall, said, will you destroy the good people, along with the wicked?

"Well, he said, he reckoned he would, but then suppose there are fifty I can produce, fifty righteous people, will you destroy them. He said, no, I won't.

"Well, Abraham couldn't produce them; couldn't do it. And he said forty and five, and he couldn't do it. Forty, then thirty and five, then thirty, then twenty and five, then twenty; and finally bargained down to ten. And he could not produce them.

"So, the Lord said, told Abraham that he would have to destroy the City. And the angels of the Lord went into

---

State v. Gray

---

the City and communicated with Lot and his wife. They were good people.

"And the net result of that was, that Lot was given the word to his wife and two daughters that they could go and flee, which they did.

"And on the next morning, you will recall, that the Lord told Lot and his wife and children that if anybody looked back on the City, after fire and brimstone, as it was destroyed as the Bible said by fire and brimstone, if anybody looked back on the City, they would be turned to a pillar of salt.

"Lot's wife could not restrain herself, as a lot of people haven't been able to restrain curiosity; curiosity killed the cat, but she couldn't restrain herself and looked back, and she turned to a pillar of salt, and that was the end of Lot's wife.

"The only reason I repeat that, is because of the word, it comes to us from the Bible, from that place of Sodom and Gomorrah."

Defendant contends that the court by this explanation of the historical derivation of the word "sodomy" has intimated an opinion concerning the guilt or innocence of the defendant and that the court felt defendant should be punished as were residents of Sodom and Gomorrah. He asserts that the remarks of the court were inflammatory and destroyed the required "atmosphere of judicial calm."

In *Withers v. Lane,* 144 N.C. 184, 191-92, 56 S.E. 855, 857-58, the principle is well stated:

"The judge should be the embodiment of even and exact justice. He should at all times be on the alert, lest, in an unguarded moment, something be incautiously said or done to shake the wavering balance which, as a minister of justice, he is supposed, figuratively speaking, to hold in his hands. Every suitor is entitled by the law to have his cause considered with the 'cold neutrality of the impartial judge' and the equally unbiased mind of a properly instructed jury. This right can neither be denied nor abridged."

While the extraneous remarks of the court to which defendant objects are not approved, it would require a strained inter-

pretation of their meaning to warrant the sinister implications suggested by the defendant. The biblical story of Sodom and Gomorrah was simply an aside comment which, although irrelevant, was not inherently prejudicial. There is no indication at any point in the charge that the court made any effort to relate the story of Sodom and Gomorrah to the facts, witnesses, or defendant in this case. There was no exception to any instruction of the court concerning the elements of the crime and the application of the law arising upon the evidence. When the charge is considered in its entirety, it is free from any error sufficiently prejudicial to require a new trial.

No error.

Judges CAMPBELL and HEDRICK concur.