STATE OF NORTH CAROLINA v. JESSIE LEE CROUSE

No. 7422SC335

(Filed 5 June 1974)

1. Crime Against Nature § 1— constitutionality of statute
     The crime against nature statute is not unconstitutionally vague.

2. Criminal Law § 26; Crime Against Nature § 2; Rape § 1— double jeopardy — nolle prosequi of rape charge — trial for sodomy
     Defendant was not placed in double jeopardy when the State took a *nolle prosequi* with leave after the jury was impaneled in a trial of defendant for rape and defendant was thereafter tried for sodomy growing out of the same occurrence, since rape and sodomy are distinct and separate crimes having different elements and an indictment for rape will not support a conviction for sodomy.

3. Criminal Law § 87— leading questions — seven-year-old sodomy victim
     The trial court in a sodomy case did not err in permitting the solicitor to ask leading questions of the seven-year-old prosecutrix.

State v. Crouse

4. **Criminal Law § 95— testimony admissible for corroboration — limiting instructions — absence of request**

   The trial court in a sodomy case did not err in failing to instruct the jury that testimony as to what the victim had told the witnesses about the crime was admissible only for the purpose of corroboration where defendant made no request for limiting instructions.

5. **Criminal Law § 96— withdrawal of testimony — instruction to disregard**

   Defendant in a sodomy case was not prejudiced by testimony tending to show that defendant had committed another crime where defendant failed to object to part of the testimony and, when an objection was finally lodged, it was sustained and the jury was instructed to disregard the testimony.

6. **Criminal Law § 86— questioning defendant about prior convictions — counsel at prior trials**

   Defendant failed to show prejudice in the court's allowing the solicitor to question defendant about prior convictions without determining whether defendant was represented by counsel at the proceedings resulting in those convictions.

7. **Crime Against Nature § 2— jury instructions — court's understanding of First Book of Moses — history of the offense — genealogy of English royalty**

   In a prosecution for crime against nature, the trial judge's inclusion in his jury instructions of his understanding of the 18th and 19th Chapters of the First Book of Moses and his recitation of the statutory history of the crime against nature and the genealogy of English royalty, while disapproved, did not prejudice defendant.

APPEAL by defendant from *Copeland, Judge,* 26 November 1973 Session of Superior Court held in DAVIDSON County.

Defendant Jessie Lee Crouse was indicted for committing a crime against nature.

The evidence for the State included the testimony of Teresa Jean Fulk, age seven, that on 1 April 1972, defendant committed sodomy on her; that after the act defendant bathed her, changed her clothes and then took her to her grandmother. The State also offered the testimony of several other witnesses with whom Teresa Jean had discussed the crime. A doctor testified that when he examined Teresa Jean several hours after the alleged attack, the anal opening was markedly red, and tests revealed the presence of sperm in the rectum.

Defendant denied his guilt, stating that Teresa Jean wanted to go shopping with him so he bathed her and changed her clothes and that he noticed some sores on her bottom and put lotion on them.

The jury found defendant guilty, and he was sentenced to a prison term of 10 years.

*Attorney General Robert Morgan by Richard F. Kane, Associate Attorney, for the State.*

*Jack E. Klass for defendant appellant.*

VAUGHN, Judge.

[1]  Defendant's contention that the bill of indictment should have been quashed because G.S. 14-177, the crime against nature statute, is unconstitutionally vague is overruled. We have previously held that the statute is constitutional. *State v. Moles,* 17 N.C. App. 664, 195 S.E. 2d 352.

[2]  Defendant next contends that the trial court erred in not quashing the indictment upon a plea of former jeopardy. Defendant was indicted for rape of Teresa Jean Fulk. After a jury was impaneled in the rape case, the State took a *nolle prosequi* with leave. About this time, the indictment for crime against nature was returned. Rape and sodomy are distinct and separate crimes each having different elements. An indictment for rape would not support a conviction for sodomy. Although both indictments against defendant involved the same transaction, they did not charge offenses which were the same in law and fact. Consequently, defendant has not been twice put in jeopardy for the same offense.

[3]  Defendant argues that the court improperly allowed the solicitor to use leading questions in eliciting testimony from Teresa Jean Fulk. Given the circumstances surrounding this case, whether to permit leading questions was within the court's discretion. *State v. Payne,* 280 N.C. 150, 185 S.E. 2d 116. In view of the nature of the crime and the extreme youth of the witness, the court did not abuse its discretion in allowing the questions as propounded by the solicitor.

[4]  Defendant further contends that the court erred in not giving limiting instructions when it allowed several witnesses to testify to what Teresa Jean Fulk had told them about the crime in question. Since defendant did not request the court to instruct that the testimony was admissible solely for the purpose of corroboration, he may not now complain about the lack of limiting instructions. *State v. Tuttle,* 207 N.C. 649, 178 S.E. 76.

[5] Defendant maintains that testimony tending to show that defendant "had committed another distinct, independent or separate offense" should have been excluded. This assignment of error is without merit. Defendant failed to object to part of the testimony, and when an objection was finally lodged, it was sustained and the jury was properly instructed to disregard the testimony.

[6] On appeal, defendant contends that the court erred in allowing the solicitor to question defendant about prior convictions of criminal offenses without first determining whether defendant was represented by counsel at the proceedings resulting in those convictions. Defendant's testimony on cross-examination is set out in narrative form and does not contain the solicitor's questions. In several instances defendant admitted his prior criminal conduct without saying whether he had been tried for these crimes. No objections were made at trial and, on appeal, defendant has failed to show prejudicial error.

[7] Defendant brings forward numerous assignments of error directed to the court's instructions to the jury. Again, as he did in *State v. Gray*, 21 N.C. App. 63, 203 S.E. 2d 88, the trial judge gave the jury his understanding of the 18th and 19th Chapters of the First Book of Moses, called Genesis. He also recited some of the statutory history of the act which defendant was charged and the genealogy of English royalty. Although the judge's monologue was inappropriate, we do not believe the error was prejudicial to the defendant. For an article on the history and meaning of the statute, *see* 32 N.C. L. Rev. 312. Defendant's other exceptions to the charge are also overruled. We have considered all of defendant's assignments of error and hold that he had a fair trial without prejudicial error.

No error.

Judges CAMPBELL and MORRIS concur.