STATE OF NORTH CAROLINA v. JERRY WAYNE WEBB

No. 7528SC131

(Filed 2 July 1975)

1. Crime Against Nature § 2— constitutionality of statute

The crime against nature statute, G.S. 14-177, is not unconstitutionally vague.

2. Crime Against Nature § 1; Rape § 17— crime against nature — assault with intent to commit rape — two offenses — no double jeopardy

Elements of the crime against nature, G.S. 14-177, and assault with intent to commit rape, G.S. 14-22, are distinct and different, and convictions for both charges upon the evidence in these cases did not twice put defendant in jeopardy for one crime.

ON *writ of certiorari* to review trial before *Jackson, Judge.* Judgments entered 24 April 1974 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 15 April 1975.

Defendant was charged in indictments proper in form with the following: Case No. 72CR19196, rape; Case No. 72CR19020, kidnapping; Case No. 72CR19195, crime against nature. In Case No. 72CR19019 he was arrested under a proper warrant charging him with carrying a concealed weapon. In Case No. 72CR19196 defendant was tried on his plea of not guilty to assault with intent to commit rape. He also pled not guilty in each remaining case. All cases were consolidated for trial. The jury found defendant guilty on each charge, and judgment was imposed in each case.

*Attorney General Edmisten by Assistant Attorney General Charles J. Murray for the State.*

*Michael Edward Vaughn for defendant appellant.*

PARKER, Judge.

[1] Prior to his pleading not guilty to the charge of committing a crime against nature, defendant's motion to quash the indictment of that charge was denied. He assigns error to this denial, contending that the statute upon which the indictment was based, G.S. 14-177, is unconstitutionally vague. This specific question was decided adverse to defendant's contention in *State v. Moles,* 17 N.C. App. 664, 195 S.E. 2d 352 (1973) and in *State v. Crouse,* 22 N.C. App. 47, 205 S.E. 2d 361 (1974). *See Perkins v. State of North Carolina,* 234 F. Supp. 333 (W.D.N.C. 1964).

[2]  Defendant also urges that the trial court erred in denying his motion to arrest the judgment on his conviction of committing a crime against nature. His contention is that the crimes of assault with intent to commit rape, G.S. 14-22, and committing a crime against nature, G.S. 14-177, are essentially the same offense, and convictions for both charges upon the evidence in the cases on this appeal constitute putting defendant twice in jeopardy for one crime. We disagree. The elements of each offense are distinct and different. Furthermore, the record discloses ample and separate evidence to support verdicts on the charges contained in the indictments numbered 72CR19196 and 72CR19195.

We have carefully reviewed the record and find no error appearing therein with respect to the indictments, arraignments, the trial and the judgments.

No error.

Chief Judge BROCK and Judge ARNOLD concur.