STATE OF NORTH CAROLINA v. RICHARD M. JOHNSTON, JR. AND HARRY
LEE BOWMAN

No. 7817SC582

(Filed 19 December 1978)

1. **Conspiracy § 4.1; Larceny § 4; Receiving Stolen Goods § 2— conspiracy to steal in another state—receiving stolen goods—indictments—failure to allege larceny was felony in other state**

   In indictments charging felonious conspiracy to steal a trailer loaded with tobacco (total value of $57,400) from its owner in Virginia and felonious receiving of the stolen tobacco, it was not necessary to allege that the larceny of the property was a felony in Virginia, since the law of North Carolina determined whether the conspiracy entered in this State and receiving which occurred in this State constituted felonies. Even if it were relevant to determine whether the larceny was a felony in Virginia, this was a question of law for the trial court, which could take judicial notice of the laws of Virginia.

2. **Criminal Law §§ 74.3, 92.5— statements by accomplices implicating defendants—admission for corroboration—denial of severance**

   Extrajudicial statements made by accomplices implicating defendants were properly admitted for the purpose of corroborating the testimony of the accomplices, since the accomplices were subject to cross-examination by defendants. Therefore, the trial court did not err in the denial of defendants' motions for separate trials pursuant to G.S. 15A-927(c)(1).

APPEAL by defendants from *Kivett, Judge.* Judgments entered 27 January 1978 in Superior Court, ROCKINGHAM County. Heard in the Court of Appeals at Winston-Salem on 14 November 1978.

Defendants Johnston and Bowman were convicted, as charged, of conspiracy to steal a trailer (value $5,000) and load of tobacco (value $52,400), and defendant Johnston was convicted also of receiving the stolen tobacco. Both defendants appeal from judgments imposing imprisonment.

The State's evidence tended to show that on 4 October 1976 a Fruehauf trailer owned by J. Flint Flemming, Inc., loaded with tobacco owned by Debrell Bros., Inc., was missing from the Debrell parking lot. It was on the lot on Saturday, 2 October 1976, and discovered to be missing on the following Monday. On the same Monday the missing trailer was found abandoned and empty at a truck stop near Greensboro.

State's witness Rufus Whitaker testified that on Sunday 3 October 1976, he, defendant Bowman, and three other persons planned to steal a trailer loaded with tobacco; they drove to Danville, Virginia, stole the trailer from J. Flint Flemming, Inc., hitched it to a trailer loaded with tobacco on the lot of Debrell Bros., Inc., and drove to a farm outside Greensboro where they were met by defendant Johnston and Oscar Lee Hooper; that all seven of them spent three hours unloading the tobacco; that he, defendant Bowman and their three companions were paid approximately $500 each by Hooper and Johnston; and that they then abandoned the empty trailer at a truck stop near Greensboro.

Oscar Hooper, also a witness for the State, testified that defendant Johnston offered to get him some "hot" tobacco and Hooper accepted; that defendant Johnston and three other people arrived at Hooper's farm near Greensboro with the trailer load of tobacco; that they unloaded it; and that he later sold the tobacco and split the proceeds with Johnston.

S.B.I. Agent Terry Johnson corroborated the testimony of Whitaker and Hooper by submitting in-custody statements made by both.

Defendant Johnston presented character evidence and testified that Hooper called him about 12:30 a.m. on 3 October 1976 and asked to borrow his truck; that he drove to Hooper's farm, helped several people unload tobacco from a large trailer; and that he did not know the tobacco was stolen and never received any money from Hooper.

Hooper testified that he did not call Johnston; that Johnston called him to tell him that he had a load of tobacco for him.

*Attorney General Edmisten by Assistant Attorneys General Roy A. Giles, Jr. and Nonnie F. Midgette for the State.*

*Robert S. Cahoon for defendant appellant, Richard M. Johnston, Jr.; and C. Orville Light for defendant appellant, Harry Lee Bowman.*

CLARK, Judge.

[1] Defendants assign error in the denial of their motions to quash the indictments, contending that the three indictments

were fatally defective because they do not allege that the theft of the property was a felony in the State of Virginia.

We treat these assignments of error together. All indictments allege the essential elements of the crimes charged. An indictment is sufficient if it charges the offense in a plain, intelligible, and explicit manner and contains averments sufficient to enable the court to proceed to judgment, and to bar a subsequent prosecution for the same offense. 7 Strong's N.C. Index 3d, Indictment and Warrant, § 9.

It is not necessary that an indictment for conspiracy describe the subject crime with legal and technical accuracy. *State v. Terrell,* 256 N.C. 232, 123 S.E. 2d 469 (1962); *State v. Blanton,* 227 N.C. 517, 42 S.E. 2d 663 (1947). And in the case *sub judice* it was not necessary that the conspiracy indictments aver that larceny of the described property and stated value was a felony in Virginia. The law of North Carolina, not the law of Virginia, determines whether the charged conspiracy was a felony. The charge was brought in this State, and the evidence for the State tends to show that the conspiracy to steal was entered into by the defendants in this State. Thus, the crime in its entirety was committed in this State, where the larceny of goods in excess of $200.00 is a felony (G.S. 14-70, G.S. 14-72), and a conspiracy to commit a felony is a felony. 3 Strong's N.C. Index 3d, Conspiracy, § 3.2. Under these circumstances it is immaterial that the larceny offense was actually committed in Virginia.

It was not required that the indictment for receiving stolen goods allege that the larceny constituted a felony in Virginia. It alleged that the crime was committed in Rockingham County, and the evidence for the State tended to so show. Thus, the law of this State controls on the question of whether the crime in question was a felony or a misdemeanor. In this State the larceny of property having a value in excess of $200.00 is a felony, and the offense of receiving stolen goods having a value in excess of $200.00 is a felony. G.S. 14-71, G.S. 14-72.

We conclude that the three indictments are proper in form, sufficiently meet legal requirements, and the trial court did not err in denying the motions to quash. If, arguendo, it was relevant to determine whether the larceny was a felony in Virginia, this was a question of law for the trial court, which could take judicial

notice of the laws of other states. G.S. 8-4. The Code of Virginia, Title 18.2-95(2) provides that the larceny of goods or chattels of the value of $100 or more constitutes the felony of grand larceny. The alleged value of the property described in all three indictments was substantially above the felony value prescribed by the statutes of Virginia and North Carolina. All the evidence tended to show the value of the property to be as alleged in the indictments. The value of the property was not a contested issue. Under these circumstances the trial court was not required to instruct, or to inform, the jury about the Virginia larceny statute.

[2] Next, defendants assign error by the trial court in allowing the State's motion to consolidate the cases for trial and in denying defendants' motions to sever. Defendants argue that the extrajudicial statements of accomplices implicating them were improperly admitted into evidence and they rely on G.S. 15A-927(c)(1), which provides:

> "(c) Objection to Joinder of Charges against Multiple Defendants for Trial; Severance.—
>
> (1) When a defendant objects to joinder of charges against two or more defendants for trial because an out-of-court statement of a codefendant makes reference to him but is not admissible against him, the court must require the prosecutor to select one of the following courses:
>
> > a. A joint trial at which the statement is not admitted into evidence; or
> >
> > b. A joint trial at which the statement is admitted into evidence only after all references to the moving defendant have been effectively deleted so that the statement will not prejudice him; or
> >
> > c. A separate trial of the objecting defendant."

G.S. 15A-927(c)(1) codifies substantially the decision in *Bruton v. United States*, 391 U.S. 123, 20 L.Ed. 2d 476, 88 S.Ct. 1620 (1968), which held that the receipt in evidence of the confession of one codefendant posed a substantial threat to the other codefendant's Sixth Amendment right of confrontation and cross-examination because the privilege against self-incrimination prevents those who are implicated from calling the defendant who made the statement to the stand.

In the case *sub judice* the extrajudicial statements made by the accomplices implicating the defendants were admitted at trial for the purpose of corroborating the testimony of the accomplices. Since the accomplices testified and were subject to cross-examination by defendants, the *Bruton* rule and G.S. 15A-927(c)(1) do not apply. *See State v. Fox*, 274 N.C. 277, 163 S.E. 2d 492 (1968); *State v. Paige*, 272 N.C. 417, 158 S.E. 2d 522 (1968); *State v. Moles*, 17 N.C. App. 664, 195 S.E. 2d 352 (1973). This assignment of error by the defendants is without merit.

We have carefully examined the other assignments of error, which relate primarily to admissibility of evidence and the charge of the court, in light of the rule that a new trial will be granted only if the error is prejudicial and not mere technical error which could not have affected the result. G.S. 15A-1443(a); *State v. Stanfield*, 292 N.C. 357, 233 S.E. 2d 574 (1977); *State v. Cottingham*, 30 N.C. App. 67, 226 S.E. 2d 387 (1976).

The State's evidence, which included the corroborated testimony of two accomplices, is substantial, if not overwhelming. We find that defendants had a fair trial free from prejudicial error.

No error.

Judges MITCHELL and WEBB concur.