STATE OF NORTH CAROLINA v. BENNY C. WHILHITE AND JOHN EDGAR RANKIN

No. 8118SC910

(Filed 16 March 1982)

1. **Criminal Law §§ 77.3, 92.5— codefendant's statement implicating defendant—testimony by codefendant at trial—election by State not required**

     The State was not required to make the election provided by G.S. 15A-927(c)(1) because a codefendant made an out-of-court statement implicating defendant where the codefendant testified at the joint trial and was subject to cross-examination by defendant.

2. **Criminal Law § 89.5— variances in corroborating testimony—necessity for objection**

     The trial court did not err in admitting a witness's out-of-court statement for the purpose of corroborating the witness's trial testimony, although the corroborative statement contained a clearer indication of defendant's specific intent to shoot a robbery victim than did his trial testimony, where the statement substantially corroborated the trial testimony, and where defendant objected to an entire section of the corroborative statement, most of which was competent, and failed to point out the objectionable parts.

**3. Homicide § 21.7— second degree murder—sufficiency of evidence to show malice or intent**

There was sufficient evidence of malice and intent to support defendant's conviction of second degree murder where the State's evidence tended to show that, although defendant did not actually pull the trigger of the gun which killed the victim, he qualified as a principal in the second degree in the commission of the crime.

**4. Robbery § 4.3— armed robbery—sufficiency of evidence—shooting of victim before robbery**

An armed robbery conviction was not improper because the victim was first shot and then robbed.

APPEAL by defendant Rankin from *Albright, Judge.* Judgment entered 27 March 1981 in Superior Court, GUILFORD County. Heard in the Court of Appeals 5 February 1982.

Defendant was charged in bills of indictment with armed robbery and second degree murder.

State's evidence tended to show that defendant and three companions, Benny Whilhite, Alvin White, and Richard Patterson, went to a Greensboro "liquor house" on the evening of 25 November 1980. Hostility developed between Patterson and Whilhite and Whilhite was heard telling defendant "he was going to rob the old man, Mr. Patterson." At one point, defendant drew a gun against Mr. Patterson and asked "what he was doing with his hands in his pockets."

At about 1:30 a.m., the four men left in Mr. Patterson's car with defendant driving. White was in the front seat with defendant; Whilhite and Mr. Patterson were in the back seat. While they were driving, defendant passed a gun to Whilhite. Holding the gun on Patterson, Whilhite said "[O]ld man you think this is a game, but it's not." The gun then discharged, shooting Patterson. The victim's request that he be taken to a hospital was ignored and he died a short time later. Whilhite took $10 and a set of keys from the body.

After parking a short distance from Mr. Patterson's apartment, defendant, Whilhite and White abandoned the car with Mr. Patterson's body inside. Using the keys stolen from the victim's body, the three men gained entry to Patterson's apartment where additional items were stolen.

The jury returned a verdict of guilty against defendant on both charges. He was sentenced to a consolidated term of forty to sixty years in prison. Defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General David Roy Blackwell, for the State.*

*Moses and Murphy, by Pinkney J. Moses, for defendant appellant.*

ARNOLD, Judge.

[1]　Defendant's first assignment of error is that the trial court erred in allowing a joint trial of defendant and Whilhite and in not requiring the State to make the election required by G.S. 15A-927(c)(1) when defendant objected to joinder and moved for severance. The statute on which defendant relies provides that:

(1) When a defendant objects to joinder of charges against two or more defendants for trial because an out-of-court statement of a codefendant makes reference to him but is not admissible against him, the court must require the prosecutor to select one of the following courses:

　　a. A joint trial at which the statement is not admitted into evidence; or

　　b. A joint trial at which the statement is admitted into evidence only after all references to the moving defendant have been effectively deleted so that the statement will not prejudice him; or

　　c. A separate trial of the objecting defendant.

While the statute clearly dictates an election where its provisions are found to apply, this Court has held that the election requirement is inapplicable where the codefendant testifies. *State v. Johnston,* 39 N.C. App. 179, 249 S.E. 2d 879 (1978), *cert. denied* 296 N.C. 738, 254 S.E. 2d 179 (1979). In explaining this exception, the Court noted in *Johnston* that:

G.S. 15A-927(c)(1) codifies substantially the decision in *Bruton v. United States,* 391 U.S. 123, 20 L.Ed. 2d 476, 88 S.Ct. 1620 (1968), which held that the receipt in evidence of the confession of one co-defendant posed a substantial threat to the

other co-defendant's Sixth Amendment right of confrontation and cross-examination because the privilege against self-incrimination prevents those who are implicated from calling the defendant who made the statement to the stand. *Id.* at 182, 249 S.E. 2d 881.

Thus, since the defendant here was able to cross-examine Whilhite at trial concerning his out-of-court statement, the trial court correctly found that G.S. 15A-927(c)(1) did not apply and no election was required.

Defendant further argues that the trial court's refusal either to suppress Whilhite's statement or to sever the trial was an abuse of discretion. The court's instruction that the statement was to be considered for impeachment purposes only was insufficient, according to defendant, to prevent prejudicial effect. In view of the cumulative nature of the evidence against defendant, and of the proper limiting instruction given by the court, we find no prejudicial error to defendant.

[2] Defendant next assigns as error the court's admission into evidence of certain portions of an out-of-court statement by Alvin White to Detective Baulding which were not corroborative of White's previous testimony.

It is true that the corroborative statement contained a clearer indication of Whilhite's specific intent to shoot Patterson than did White's testimony in court. However, the pretrial statement was largely corroborative and the judge instructed the jury to consider it only for corroborative purposes. "Where testimony which is offered to corroborate the testimony of another witness does so substantially, it is not rendered incompetent by the fact that there is some variation." *State v. Rogers,* 299 N.C. 597, 601, 264 S.E. 2d 89, 92 (1980).

Furthermore, the defendant's objection was apparently to an entire section of the corroborative testimony, most of which was, in fact, competent. Where corroborative testimony contains variances which are arguably incompetent, it is the defendant's responsibility to point out the objectionable portion. "Objections to testimony *en masse* ordinarily will not be sustained if any portion is competent. . . ." *State v. Lester,* 294 N.C. 220, 230, 240 S.E. 2d 391, 399 (1978). It is the responsibility of the jury to

decide whether proffered testimony is, in fact, corroborative and to consider it only to the extent that it is corroborative. *State v. Rogers, supra.* We find no error in view of the court's limiting instruction.

[3] Defendant's third assignment of error is that the trial court improperly denied defendant's motion to dismiss the charge of second degree murder in that the State had failed to show malice or intent to injure. We disagree.

It is not necessary, where the charge is second degree murder, for the State to prove the defendant intended the ultimate result of his actions. It need only show that the death resulted from intent to do "any act evidencing wickedness of disposition, hardness of heart, cruelty, recklessness of consequences, and a mind regardless of social duty. . . ." *State v. Wilkerson,* 295 N.C. 559, 580, 247 S.E. 2d 905, 917 (1978). Applying this standard to the case at bar, we find there was abundant evidence of malice and intent to support a second degree murder conviction. While the appellant here was not the defendant who actually pulled the trigger, he certainly qualifies as a second degree principal in the commission of the crime and, as such, is equally liable under North Carolina law. *State v. Benton,* 276 N.C. 641, 174 S.E. 2d 793 (1970). Defendant's motion to dismiss the second degree murder charge was properly denied.

[4] Defendant also assigns as error the judge's denial of his motion to dismiss the charge of armed robbery. We find this assignment of error to be wholly without merit.

There was evidence that defendant Rankin was a knowing participant in acts committed in furtherance of Whilhite's express plan to rob Mr. Patterson. Indeed, he supplied Whilhite with the gun used to accomplish the robbery. The defendant's suggestion that the armed robbery conviction should fail because the victim was first shot and then robbed is amusing but untenable. Clearly, the gun was used to accomplish the robbery of Mr. Patterson. We find no error in submission of the armed robbery charge to the jury.

Finally, defendant asserts the trial court improperly charged the jury concerning second degree murder.

We have reviewed the jury charge and find that it closely parallels the *Wilkerson* definition of malice and intent. Furthermore, we find that the trial judge specified the necessity for commission of an intentional act to support an inference of malice. We find no error.

Defendant's final assignment of error claiming improper denial of his motion to dismiss and his motion for a new trial is without merit.

In the trial of defendant we find

No error.

Judges CLARK and WHICHARD concur.